**William CAGLE, Jr., Appellant,**

v.

**Dr. Jesse D. HARRIS, Warden, Appellee.**

**No. 17641.**

United States Court of Appeals
Eighth Circuit.

Aug. 10, 1965.

William Cagle, Jr., pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

PER CURIAM.

The appeal is by an inmate of the Medical Center for Federal Prisoners, Springfield, Missouri, from an order of the District Court for the Western District of Missouri denying his petition for a writ of habeas corpus. The petition was the second one which he had filed in that Court upon the same grounds. He had also previously sought to have his sentence declared invalid by his sentencing court, the District Court for the District of Columbia, on a motion under 28 U.S.C.A. § 2255.

Appellant's conviction, which occurred in 1952, was for the crime of murder in the second degree under the District of Columbia Code. His petition alleged that he was given a sentence of imprisonment for a maximum term of life and a minimum of 10 years; that under Section 2404, Title 22, D.C.Code of 1940, the punishment prescribed for murder in the second degree was imprisonment for life or for not less than 20 years; that in fixing a minimum term of 10 years, the Court imposed a sentence which was violative of the D.C.Code and hence was illegal; and that, having completed service of the 10-year illegal minimum term, appellant was entitled to be discharged from custody or in any event to be released on parole.

These contentions are legally frivolous on their face. Beyond their lack of merit otherwise, they ignore the provisions of the District of Columbia Indeterminate Sentence Act, 54 Stat. 242, that in imposing sentence on a person convicted of a felony, the Court "shall sentence the person for a maximum period not exceeding the maximum fixed by law [for the offense] and for a minimum period not exceeding one-third of the maximum sentence imposed", and that "[w]here the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed fifteen years' imprisonment."

Thus, appellant's sentence for a maximum term of life and a minimum term of 10 years clearly was valid under the D.C.Code. And, of course, the ques-

tion of parole is by the statute made a matter entirely for the judgment and discretion of the Board of Parole. 54 Stat. 243; 18 U.S.C. § 4203. The courts are without any power to grant a parole. United States ex rel. Binion v. United States Marshal, 188 F.Supp. 905 (D.C. Nev.1960) aff'd 292 F.2d 494 (9 Cir. 1961); Hauck v. Hiett, 141 F.2d 812, 813 (3 Cir. 1944); Goldsmith v. Aderholt, 44 F.2d 166 (5 Cir. 1930).

Appeal dismissed.