**Harold Martin BREST, Appellant,**

v.

**Dr. P. J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 18500.**

United States Court of Appeals
Eighth Circuit.

Feb. 8, 1967.

Harold Martin Brest, submitted brief, pro se.

F. Russell Millin, U. S. Atty., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., filed brief on behalf of appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Appellant, presently confined in the Federal Medical Center, Springfield, Missouri, under a life sentence for kidnapping, appeals from an order of the District Court denying his petition for a writ of habeas corpus. He alleges that he is illegally detained because of the wrongful denial of parole by the United States Board of Parole, which acted upon untrue and prejudicial reports supplied to the Board by various administrative officials of the Medical Center. He contends that the Board, being aware of the false statements, is guilty of "mal-feasance in office"; and that he was denied "equality of justice," inasmuch as other prisoners in like circumstances, including his codefendant, have been paroled. The District Court denied his motion on March 18, 1966, but upon appellant's application for reconsideration on the basis of the falsity of the reports the District Court vacated its original order, and ordered respondent to show cause why the writ should not issue. Respondent filed his response, appellant's reply to same followed, and on June 29, 1966, the District Court again denied appellant's petition.

Appellant alleges that his progress reports erroneously state that he "continues to serve his sentences for Kidnapping, Bank Robbery, and National Motor Vehicle Theft Act," when in fact he is serving only a life sentence for kidnapping.[1] He also disputes statements in the reports that he takes no part in religious activities at the Center, and has failed to make satisfactory adjustment in all federal institutions. To show his good conduct, the falsity of the reports and his eligibility for parole, appellant moved to subpoena some twenty-six witnesses and all progress, work, conduct and disciplinary reports, together with all of his records in federal institutions, dating back to 1937.

The District Court's denial of appellant's petition must be affirmed. By the language of 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to judicially determine eligibility for parole. Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and informa-

---

1. In 1937, upon pleas of guilty, Brest was sentenced to five years under the National Motor Vehicle Theft Act, twenty-five years under the Federal Bank Robbery Laws, and life for kidnapping. These sentences were vacated, he was retried before a jury in the Western District of Pennsylvania, found guilty and resentenced to identical terms in 1939. Thereafter, in 1958, the bank robbery sentence was vacated. See United States v. Brest, 23 F.R.D. 103 (W.D.Pa.1958); United States v. Brest, 266 F.2d 879 (3rd Cir. 1959), cert. denied, 362 U.S. 912, 80 S.Ct. 662, 4 L.Ed.2d 619.

tion received by the Board in making its determinations. Cagle v. Harris, 349 F.2d 404, 405 (8th Cir. 1965), cert. denied, 382 U.S. 965, 86 S.Ct. 455, 15 L.Ed. 2d 369 (1965). Cf. Wright v. Settle, 293 F.2d 317, 319 (8th Cir. 1961).

By his petition appellant seeks a redetermination by the court of his eligibility for parole. The courts have no jurisdiction and no power to so review or control the discretion of the Board of Parole in the exercise of its duties under § 4203.

The judgment is affirmed.