**UNITED STATES of America**

**v.**

**Andrew G. W. FREDERICK a/k/a
J. W. G. Ferland, Appellant.**

**No. 17253.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs Oct. 7, 1968.

Decided Dec. 30, 1968.

William S. Schweers, Harrington, Feeney & Schweers, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, STALEY and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

On February 21, 1966, appellant was arrested in Pittsburgh, Pennsylvania by Pittsburgh police on a local matter. He was turned over to the custody of the United States Marshal in Pittsburgh on a Federal warrant based on a complaint and information filed in the United States District Court of the Eastern Division of the Northern District of Ohio, charging him with transportation in interstate commerce of a falsely made check in the amount of $200. Appellant while being held in the Allegheny County jail advised the District Attorney twice in writing that he wished to plead guilty under Rule 20 of the Federal Rules of Criminal Procedure; that he was seriously ill and was not receiving proper

medication and wanted the matter disposed of as soon as possible. At the time appellant was taken into Federal custody he had about $800 in cash on his person. This was his money which he said he had borrowed for medical and doctors' bills. The district attorney notified appellant that he had a right to court appointed counsel but to so qualify would have to establish his indigence. On March 3, 1966, there was a hearing in the case before the district court. According to the appellant, he had been released from a prior Federal prison commitment on the previous December 23rd. Appellant told the court he wished to plead guilty. The court stated that it seemed doubtful that appellant was entitled to have counsel appointed for him as an indigent, that appellant, who admittedly had about $800 was possessed of sufficient funds to hire counsel. Appellant said "I would rather waive it your Honor, because there is nothing that can be said except the mitigating circumstances and leave it open." He said he would sign a waiver of counsel form. The district attorney agreed to have the necessary papers prepared. The court said to appellant "We want you to be sure that you know what you are charged with." Appellant answered "I do absolutely". The court twice more told appellant that he had the right to the advice of counsel.

There was a further hearing on March 24, 1966. The court asked appellant "Do you still wish to complete this without any counsel representing you?" Appellant answered "Yes". He was requested to move closer to the judge who said to him "Do you still wish to proceed to sentence without the aid or assistance of counsel?" Appellant answered "Yes, Your Honor, if I am permitted." The court answered that he was so permitted; that "The Court is under the obligation to inquire if you realize the offense with which you are charged and the possible consequences, I believe you do." Appellant answered "Yes sir." The court continued "So you freely and voluntarily waive the right to be represented by counsel?" Appellant answered "Yes". The court said "Realizing if necessary you are unable to afford counsel that the Court will appoint counsel for you?" Appellant replied "Yes sir". The court read the charge against appellant in the Information and queried "You know what you are charged with?" Answer, "Yes, sir". The district attorney said to appellant "Now the maximum penalty for this offense can be a fine of $10,000 and imprisonment for ten years or both. That is the maximum. Do you know that?" The appellant answered "No, sir, I did not know that." The court, before any acceptance of the plea, said to appellant "You said that you did not know what the maximum penalty could be. Were you not—Did you not plead guilty, and were you not sentenced under an identical charge in 1963?" Appellant answered "Yes, sir". He said he did not recall whether he was informed then of what the penalty could be. He admitted he had been sentenced that time to three years imprisonment which he claimed was cut to two years. The court said "All right. So you are aware now of the penalty?" Appellant answered "Yes, sir". The court asked him "Under the Act you are still willing to enter a plea?" Appellant answered "Yes, sir." There was a further colloquy as follows:

"THE COURT: Do you enter this plea voluntarily and on your own account?

MR. FREDERICK: Yes, sir.

THE COURT: Have any threats or promises or inducements been made to induce you to enter this plea?

MR. FREDERICK: No, sir.

THE COURT: Did anybody tell you that you would possibly receive a lighter sentence?

MR. FREDERICK: No, sir.

THE COURT: We will accept the plea.

MR. STANTON: Mr. Pitcher, would you advise the Court of the results of your investigation?

(D. Pitcher, an Agent of the Federal Bureau of Investigation was sworn.)

THE COURT: Before you proceed, the reporter has informed me that the defendant stated in a low voice which the Court did not hear when I asked if the plea was entered voluntarily, he said, 'I have to now. I have no choice.' What do you mean by that?

MR. FREDERICK: Well, I meant that I did plead guilty, Your Honor.

THE COURT: In other words, your plea of guilty is because you are actually guilty of the offense and it can be proven?

MR. FREDERICK: Yes, sir.

THE COURT: All right, we will proceed."

F.B.I. agent Pitcher presented to the court an amazing background of similar offenses by appellant, including four convictions. The court asked appellant if he wished to challenge or contradict anything that Mr. Pitcher had said and reported to the court. We quote appellant's answer and some further dialogue between him and the court:

"The only thing is, Your Honor, I have been prosecuted for all the things that this gentlemen had to say previously. It has no bearing on this case I am charged with.

THE COURT: It has no bearing with your guilt or innocence on this case, but of course all of this must be considered—

MR. FREDERICK: Yes, sir.

THE COURT: (Continuing) — by the Court in imposing sentence.

MR. FREDERICK: Yes, sir."

Appellant was permitted to and did make a lengthy statement. This consisted of alleged details concerning his background, including various illnesses. There was no denial of the offense to which he was pleading or of the other offenses outlined by the F.B.I. agent.

The court imposed an indeterminate sentence of five years imprisonment with the defendant eligible for parole "at such time as the Board of Parole may determine, * * *." The court commented to the defendant "You are a very complex individual, and we feel that they (The Parole Board) may have resources available to them that are superior to those that we have here."

On March 26, 1966 Frederick sent a letter motion to Judge Weber in the district court asking that the sentence be vacated "because my long Psychiatric background was withheld from the Court. If the Court had been aware of this Psychiatric history I would not have been permitted to plead 'guilty' or proceed without Counsel as I am totally ignorant of the law." On April 1, 1966 Judge Weber denied the motion by a memorandum order in which he held:

"The defendant appeared before the Court and intelligently and knowingly waived the right of representation by counsel. At the time of imposition of sentence the Court was in possession of the presentence report of the Probation Office which included the report of the psychiatric examination conducted by the Federal authorities at Springfield, Missouri. The Court found nothing therein which would affect his ability to enter a plea, intelligently waive representation by counsel, or otherwise affect his sentence."

There was no appeal from the above order.

On May 25, 1966. Frederick filed a motion with the District Court asking to be allowed to proceed in forma pauperis and that experienced counsel be assigned him. The motion was granted, a transcript of the record was furnished him and as the Court noted, "counsel of a high degree of skill and experience was assigned." Briefs were submitted and oral argument was had. The Court concluded that there was one question of evidence not fully covered by the record. Therefore the matter was set down for hearing and Frede-

rick's attendance was ordered. Frederick claimed that he had given valuable information to Frank E. Berry of the United States Immigration and Naturalization Service and that Mr. Berry had promised in exchange for this to intervene with the Court at the time of sentencing to obtain leniency for him. The petitioner testified as did Mr. Berry. On this point the court in its opinion filed November 28, 1966, held:

"Petitioner has not sustained his burden of proof as to inducements made to secure his plea of guilty."

Regarding the balance of the questions raised on behalf of petitioner the court found:

"The remainder of Petitioner's contentions, ably presented in an Amended Motion prepared by his appointed counsel, and briefed and argued by counsel, concern matters covered by the record. While forcefully pressed they do not convince the Court that Petitioner did not fully, completely, intelligently and knowingly waive the assistance of counsel at all stages prior to his sentencing, waive indictment, request a transfer of proceedings to the Western District of Pennsylvania for the purpose of entering a plea of guilty, and enter a plea of guilty without threat or inducement. We do not rest solely on the observation that Petitioner is no stranger to criminal court procedures; he is highly intelligent, enterprising, and articulate. In summary, after reviewing the proceedings, the Court cannot escape the conclusion that Petitioner from the beginning has attempted to impose upon the Court and the government agencies with whom he dealt. From the beginning he informed the Court that he had no defense to offer to the charge, that there were only mitigating circumstances, that he saw no necessity for assistance of counsel, and that his continued detention in the Allegheny County Prison endangered his health. He was impatient at the delay in his sentencing, and the United States Attorney and the Court attempted to expedite the transfer process and his plea. We can find no denial of fundamental rights nor any element of unfairness in the proceedings."

The order of the District Court of the same date as the opinion (November 28, 1966) denied the petition. Appeal was taken by petitioner's counsel on his behalf to this court. All of the questions presented below were urged here. These as stated in the brief for appellant were:

"I. Did the petitioner intelligently and voluntarily waive trial in the Eastern Division of the Northern District of Ohio and intelligently and voluntarily consent to a plea of guilty and to the disposition of the charges in the Western District of Pennsylvania?

II. Was the plea of guilty induced by a promise of leniency by another Agency of the United States Government?

III. Was there sufficient evidence presented to the Court upon which the Court could accept the plea of guilty?

IV. Is the assistance of counsel in a criminal case so basic in the safeguarding of constitutional rights that it cannot be waived?"

Our opinion in that appeal (our No. 16402) was filed November 1, 1967, 386 F.2d 435. We there held:

"This is an appeal from an order, entered after an evidentiary hearing, denying the appellant's motion to vacate a five year sentence for causing the interstate transportation of a fraudulent check in violation of section 2314 of Title 18, United States Code.

"The appellant pleaded guilty. He now contends that his plea was induced by a promise of an officer of the Immigration and Naturalization Service to ask the sentencing court to deal leniently with him. Upon conflicting evidence the district court found that the appellant had not es-

tablished this factual claim. That finding was permissible and we sustain it.

"The court below considered all other contentions of the appellant and, in a properly dispositive opinion, found them without merit.

"The judgment will be affirmed."

Following the above decision of this court on February 2, 1968, Frederick filed a third motion in the District Court for correction or reduction of sentence. In his petition he asked for a parole. He said that because the question of his conviction had been pending in the courts he had not been eligible for parole and also because during that period he had been physically and mentally unable to work he had been factually precluded from proper parole consideration. He stated that he is now well and perfectly capable of holding a full time position, that he has been a model prisoner, that he has regained his moral values and has sufficiently reformed his character, that he helped the Government as a witness in an attempted murder case and that he had a good job offer. He asks that his five year sentence be reduced or modified or that the twenty-three months he has served be accepted as a reduced sentence and that the balance of the term be filled out by probation. All of the above set out at length in the motion was subscribed and sworn to by Frederick on January 20, 1968.

The District Court on February 14, 1968 denied the motion because it concerned "defendant's rehabilitation and ability to enter upon a law-abiding career upon his release, which are properly matters for the consideration of the parole authorities and this was the intention of the Court originally in imposing sentence under 18 U.S.C. § 4208 (a) (2).

We note that at sentencing Judge Weber said to defendant "You are a very complex individual, and we feel that they (the Federal Parole Board) may have resources available to them that are superior to those we have here."

On this appeal no mention is made of appellant's sworn statements in his motion. The first point argues that the sentence was out of all proportion to the offense and that the court should have exercised its discretion in reducing it.

■ The sentence was admittedly authorized by Rule 35 F.R.Crim. Procedure and well within its statutory limits. Prior to sentence being pronounced, appellant's entire situation was examined carefully by the trial judge as above appears. In denying this application he exercised his sound discretion.

■ Appellant next unwarrantably assumes that the Director of Prisons and the Board of Parole have not complied with the provisions of Section 4208(a) (2) Title 18 U.S.C. The Parole Board has certainly not authorized appellant's parole. Under the law 18 U.S.C. § 4203, the Board possesses independent status and the discretionary power to authorize the release of a federal prisoner on parole. That type of release is a matter of legislative grace, not of right. Berry v. United States Parole Board, 266 F.Supp. 667 (D.C.M.D. Pa. 1967); Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996, 999 (1964). The determination of a parole eligibility date for a federal prisoner is also wholly within the discretion of the Parole Board. Walker v. Taylor, 338 F. 2d 945, 946 (10 Cir. 1964). From the fulsome evidence before us it is very clear that the Parole Board, in not allowing the release of appellant on parole to date has acted well within the limits of its discretion.

■ Finally, there is the contention, which was substantially raised by appellant in his March 26, 1966 motion, that he is serving an illegal sentence because he was not represented by counsel at the time he was sentenced. So that there be no possible quibbling we set out the facts at some length in outlining our view. As has been seen there were two separate and exhaustive hear-

ings on whether appellant should enter a plea of guilty. He had been through the same sort of experience before. He was specifically advised of the statutory limitations of sentence for the crime with which he was charged. He was told fairly and plainly, over and over that he was entitled to counsel at the sentencing; that if he established his right to have an attorney assigned to him, that would be done. He had $800, his property, on his person. If he had wished legal representation of his own choice he could have and should have hired private counsel. It will be recalled inter alia that at the sentence hearings Judge Weber as previously quoted had before him both the presentence Probation report and the report of the psychiatric examination by the Federal authorities at Springfield, Missouri. We find that this point was heretofore presented and passed upon by this court in No. 16402. It is devoid of merit. There was no misunderstanding of his position by appellant.

The judgment of the District Court will be affirmed.

We are grateful to appellant's counsel for his able representation of appellant in this Court.