Cal R. deVYVER, Appellant,

v.

UNITED STATES of America.

No. 17695.

United States Court of Appeals
Third Circuit.

Submitted on Briefs June 9, 1969.

Decided July 1, 1969.

**255**

Cal R. deVyver, for appellant.

David M. Satz, Jr., U. S. Atty., Marlene Gross, Newark, N. J., for appellee.

Before STALEY, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Petitioner, Cal R. deVyver, was convicted by a jury in 1966 of interstate transportation of a stolen motor vehicle and impersonation of a Canadian official in violation of 18 U.S.C. §§ 2312 and 915. The district court sentenced petitioner to a total of seven years' imprisonment under 18 U.S.C. § 4208(a) (2). In September of 1968, petitioner moved the district court to either vacate and set aside his sentence or to reduce it, claiming that, contrary to the court's sentence, he was never credited with any time spent in jail prior to sentencing nor did he receive the psychiatric treatment ordered by the court. He also claimed that contrary to the district court's sentencing and statements he had not yet been paroled.

Treating petitioner's motion as one made under 28 U.S.C. § 2255, the district court met petitioner's contentions with the following paragraph from its opinion and order denying the motion:

"A transcript of the sentencing of petitioner and his co-defendant, Dennis Callaway, shows clearly that the court did not order that he be credited with time aready served, except insofar as the Attorney General's office had ruled on that point. The transcript shows as well that the court merely *recommended* 'such phychiatric treatment as your condition warrants.' Nor will the court now order him treated, in light of the statement by the staff psychiatrist that he is 'not in a position to engage with him in extended individual therapy, which is

his need.' Furthermore, the court's imposition of sentence under 18 U.S.C. § 4208(a) (2) merely made petitioner eligible for parole 'at such time as the Board of Parole may determine,' as set forth clearly in the transcript. The determination of the Board of Parole in August, 1968, that petitioner not be released on parole at this time will not be upset by this court." (Italics in original.)

After carefully examining the entire record in this case we are unable to find any error in either the district court's factual statements or legal conclusions. Cf. United States v. Frederick, 405 F.2d 129 (C.A.3, 1968). Our problem on this appeal is that petitioner has raised an issue here that was never presented to nor considered by the district court. Petitioner asserts that while he, his mother, sister, and brother-in-law were waiting in a room following his sentencing by the district court, petitioner's defense counsel returned from an alleged conversation with the district judge and informed petitioner that the judge had stated that if petitioner did not appeal his conviction he would be released on parole within three to six months, but if he did appeal the judge would "throw the book" at him the next time around. It is petitioner's contention that this statement by his defense counsel induced him through fear and pressure to waive his right to appeal, and he now requests this court to grant him leave to file his notice of appeal out of time.

Since the district court was never given an opportunity to pass upon this waiver issue, it would be clearly inappropriate for us to grant the requested relief. Accordingly, the cause will be remanded to the district court with directions to hold an evidentiary hearing on this matter.