**Leroy E. THOMPKINS, Petitioner-Appellant,**

v.

**U. S. BOARD OF PAROLE et al., C. C. Moore, Institutional Caseworker & Any & All Other Respondents the Court May Deem Mete & Proper, Respondents-Appellees.**

No. 29416.

United States Court of Appeals, Fifth Circuit.

June 15, 1970.

Leroy E. Thompkins, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a federal convict for relief against the parole board. We affirm.[1]

Appellant's petition, entitled an "Application for Issuance of Writ of Mandamus and Expedition (sic) Relief," was considered by the district court as a petition for writ of habeas corpus. While the petition should properly have been considered as one seeking mandamus relief, failure to treat it as such did not prejudice appellant.

Appellant originally sought relief in the United States District Court for the District of Columbia and his petition was transferred to the United States District Court for the Northern District of Georgia when it appeared that he was both sentenced and confined in the latter district. His petition sought an order requiring the United States Parole Board

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

to explain why he was not granted parole under 18 U.S.C.A. §§ 4202 and 4203.

 These statutes, under certain conditions, allow parole to be granted when a prisoner has served one-third of his sentence. Appellant does not allege an abuse of discretion or that the board acted in an arbitrary or discriminatory manner. He simply argues that when a prisoner has met the conditions of 18 U.S.C.A. §§ 4202 and 4203, he is entitled, as a matter of right, to parole. Such a view of the parole statutes is contrary to the law. It is well settled that the determination of eligibility for parole is wholly within the discretion of the Parole Board. United States v. Frederick, 3 Cir., 1968, 405 F.2d 129; Cagle v. Harris, 8 Cir., 1965, 349 F.2d 404; Walker v. Taylor, 10 Cir., 1964, 338 F.2d 945; Hiatt v. Compagna, 5 Cir., 1949, 178 F.2d 42, affirmed 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639. Thus the district court's dismissal of the petition was proper.

Affirmed.