**Herbert E. JUELICH, Petitioner-Appellant,**

v.

**UNITED STATES BOARD OF PAROLE, Respondent-Appellee.**

**No. 18531.**

United States Court of Appeals, Seventh Circuit.

Jan. 18, 1971.

Herbert E. Juelich, pro se.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

DUFFY, Senior Circuit Judge.

Petitioner, proceeding pro se, filed a motion[1] in the United States District Court for the Eastern District of Illinois, claiming that the United States Board of Parole incorrectly determined his parole eligibility date and asking that the Parole Board be enjoined from functioning on grounds of incompetence and that the procedures followed by the Parole Boards are unconstitutional.

Petitioner states he is confined in the United States penitentiary at Marion, Illinois, in the custody of the Attorney General of the United States; that he is now serving a sentence of life imprisonment imposed upon him by the United States District Court at Mobile, Alabama, on November 10, 1954.

Petitioner's prison background as related in his brief shows that on August 6, 1953, he was sentenced for a term of five years for a federal offense; that

---

1. The motion filed was designated as seeking "Declaratory Judgment, Incorporating Injunction Against Enforcement of Federal Statute." As such the action should be dismissed, federal post-convic- tion relief being the appropriate remedy. We shall, however, consider the motion as one seeking relief by habeas corpus. Gregory v. United States Board of Parole, 308 F.Supp. 258 (W.D.Missouri, 1969).

while in custody, petitioner was convicted of another federal crime and was sentenced to life imprisonment. This sentence was reversed and a change of venue ordered. After a second trial, petitioner was again convicted, and the second life sentence was imposed. In 1969, petitioner was transferred to the Federal Penitentiary at Marion, Illinois.

In June 1969, petitioner was given a hearing by the Parole Board. In August 1969, the petitioner was denied a parole with a "set-off" date of May 1974 being designated as the next date for review.

The District Court held that petitioner's parole eligibility date was correctly determined by the Board of Parole. This appeal followed.

There is no proof that Petitioner's eligibility date for parole was incorrectly determined by the Parole Board. It further appears that petitioner was never denied a hearing on the point, but rather that a hearing was held where it was determined that parole should be denied. There is no further proof that any delay in granting a hearing existed which might have prejudiced his chances for parole.

Petitioner cites his good prison record in urging that he should not have been denied parole in 1969, but his argument is mainly an indictment of the present Parole system. He claims that the members of the Board of Parole are not qualified to administer their jobs satisfactorily, largely because they must rely on reports of laymen guards who are prompted in their actions by personal feelings and emotional moods of the moment.

 In our view, the petitioner cannot prevail. It is well established that the determination of a parole eligibility date is wholly within the discretion of the Board of Parole. Walker v. J. C. Taylor, Warden, 338 F.2d 945, 946 (10 Cir., 1964); Brest v. Ciccone, 371 F.2d 981 (8 Cir., 1967); United States v. Fredrick, 405 F.2d 129 (3 Cir., 1968). This is not a case where a specific rule

of the Parole Board can be seen as operating "so capriciously" or is so "unreliably determined" as to state a claim under the Civil Rights Statutes. United States ex rel. Campbell v. Pate, 401 F.2d 55 (7 Cir. 1968). Moreover, the Parole Statute (Title 18 U.S.C. § 4201) does not recognize any of the arguments which have been advanced by petitioner as appropriate to challenge the qualifications of Parole Board members, so in that respect, petitioner's argument must also fail.

The order of the District Court denying the petitioner's motion is

Affirmed.