John Brent TARLTON, Jr., Petitioner-
Appellant,

v.

J. J. CLARK, Warden, U. S. Penitentiary,
and the U. S. Board of Parole,
Respondents-Appellees.

No. 30584

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 5, 1971.

Rehearing Denied and Rehearing En
Banc Denied April 5, 1971.

Certiorari Denied June 21, 1971.
See 91 S.Ct. 2263.

John B. Tarlton, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Richard H. Still, Jr., Asst. U. S. Attys., Atlanta, Ga., for respondents-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition for mandamus of a federal prisoner.

---

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

We affirm for the reasons which are well stated in the order appealed from, which is appended to this opinion.

Affirmed.

## APPENDIX

United States District Court
Northern District of Georgia
Atlanta Division

John Brent Tarlton, Jr.,

Petitioner,

vs.     Civil Action
Number 13972

J. J. Clark, Warden, United States Penitentiary, and The United States Board of Parole,

Respondents.

Petitioner, a federal prisoner confined at the United States Penitentiary, Atlanta, Georgia, has submitted in forma pauperis a petition for writ of mandamus.

■ Petitioner contends that the United States Bureau of Prisons have denied his Eighth Amendment right under the United States Constitution in that he is not allowed to have sexual relations with his wife during her visit with him at the United States Penitentiary, Atlanta, Georgia.

■ While other nations have experimented with the idea of "sexual visitations" for prisoners in confinement, the court knows of no case which requires or permits such practices in United States institutions. In any event, such claim would not come up to the level of a federal constitutional right so as to be cognizable as a basis for relief in federal court.

■ Moreover, such personal grievance is one which would have to be presented, in the fisrt instance, by administrative remedies available to the prisoner with the Bureau of Prisons. The courts have reportedly held that grievances relating to the case and management of prisoners should be presented and processed in such manner.

For this reason, the petition is denied.

(2) Petitioner is seeking an order to compel the United States Parole Board to show-cause why he was not granted parole pursuant to Title 18 U.S.C.A. §§ 4202 and 4203 after having completed one-third of his total sentence. Petitioner contends that under the purview of 4202 and 4203, the Board of Parole had a duty to release him upon the completion of one-third of his sentence, if the record showed that he obeyed all rules and regulations of the institution where he was confined up to that date. Also he seeks to confront the witnesses who made statements about his activities which contributed to the fact that he was denied parole.

■ This case is in direct line with Thompkins v. United States Board of Parole, 427 F.2d 222 (5th Cir., June 15, 1970) in which petitioner Thompkins made the same allegation that the petitioner in this case makes, to wit: that having met the conditions of Title 18 U.S.C.A. §§ 4202 and 4203, he was entitled, as a matter of right, to parole. The Fifth Circuit Court of Appeals in its decision stated:

"* * * such a view of the parole statutes is contrary to the law. It is well settled that the determination of eligibility for parole is wholly within the discretion of the Parole Board."

Thompkins v. United States Board of Parole, *supra,* and cases cited therein.

By the language of Title 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to determine judicially eligibility for parole. United States v. Frederick, 405 F.2d 129 (3rd Cir. 1968). Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination. Brest v. Ciccone, 371 F.2d 981 (8th Cir.

1967); Birch v. Anderson, 123 U.S. App.D.C. 153, 358 F.2d 520(9) (1965); Cagle v. Harris, 349 F.2d 404(2, 3) (8th Cir. 1965); Hiatt v. Compagna, 178 F.2d 42(2, 3) (5th Cir. 1949); Goldsmith v. Aderholt, 44 F.2d 166(3) (5th Cir. 1930); Title 18 U.S.C.A. § 4203; United States v. Frederick, supra.

■ As to petitioner's right to cross examine members of the parole board or persons who have given statements to members of the parole board is without merit. In a well written opinion by The Honorable Charles Wyzanski, United States District Judge for Boston, Massachusetts, the Court stated:

" * * * Nor does the prisoner have a constitutional right to cross-examine those who have given statements against him. Cross-examination of a superintendent, a guard, or a fellow prisoner would almost inevitably go beyond the usual consequences of such probing in a court. It would tend to place the prisoner on a level with the prison official. Such equality is not appropriate in prison." Nolan v. Scafati, 306 F.Supp. 1, 4 (D.Mass.1969). (This case related to a good time hearing; however, the same principal would apply here.)

For the stated reasons, the Petition for Writ of mandamus is denied.

The petition for writ of mandamus is allowed filed in forma pauperis.

It is so ordered.

This the 20th day of July, 1970.

/s/ Sidney O. Smith, Jr.

Sidney O. Smith, Jr.

United States District Judge

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.