Chester Leroy **STONE**

v.

**UNITED STATES BOARD OF PAROLE.**
Civ. No. 72–1279–K.

United States District Court,
D. Maryland.

June 21, 1973.

Chester Leroy Stone, pro se.

George Beall, U. S. Atty., Paul M. Rosenberg, Asst. U. S. Atty., Baltimore, Md., for respondent.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Stone is currently confined at the United States Penitentiary, Lewisburg, Pennsylvania, pursuant to a sentence imposed by this Court after Stone's plea of guilty to the offense of possession of stolen mail, 18 U.S.C. § 1708.[1] Stone alleges that he received consideration for parole from Lewisburg on November 8, 1972, but that he was denied parole and given no reasons for that denial. Stone also has stated that he "has maintained a clear institutional record, and has been awarded Meritorious Good Time and Meritorious Pay for actions above and beyond that which is required and has never had good time withheld, and is in fact presently earning Meritorious Good Time and Incentive Pay. *So that the Petitioner has legal right for Parole to be granted,* but yet Respondents denied Petitioner's request for Parole." (Emphasis supplied by Stone.) Stone also

contends that as a matter of constitutional due process he is entitled to have the Board of Parole state the reasons why parole was denied. The Parole Board has moved for dismissal or alternatively for summary judgment. Since the Board has filed an affidavit herein which provides certain uncontroverted factual background, this case will be treated in the context of the Board's summary judgment motion.

██ The record establishes that Stone was a resident of Maryland at the time he was sentenced by this Court. He remains a resident of Maryland, *see* Ott v. Ciccone, 326 F.Supp. 609, 613 n.3 (W.D.Mo.1970), even though presently incarcerated at Lewisburg, Pennsylvania. But he is held in custody in Pennsylvania by the Attorney General of the United States pursuant to this Court's order. He is not being held by an officer or agency of another jurisdiction in the sense that the State of Virginia was detaining the petitioner in Word v. North Carolina, 406 F.2d 352, 355 (4th Cir. 1969), for the State of North Carolina. Nor is Stone's custodian or any member of the Parole Board present in this federal district. Thus, the facts of this case differ from the facts in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). There therefore is considerable question whether this case, viewed as a habeas corpus petition, can be brought in this district. Nor would this seem a case in which 28 U.S.C. § 2255 is applicable in the absence of any

---

1. Stone was sentenced by this Court to the custody of the Attorney General of the United States for a study and report pursuant to 18 U.S.C. § 4208(b) on March 12, 1970. On June 19, 1970, after the completion of the study and report, Stone was placed by this Court on three years' probation. On September 30, 1971, after a hearing in this Court, Stone's probation was revoked by this Court and he was sentenced to three years, said sentence to run concurrently with any state sentence he was then serving. Stone, who, while he was on probation pursuant to this Court's aforementioned order, was convicted of a criminal offense under the laws of Maryland and who was confined in a Maryland penal institution at the time of his probation violation hearing in this Court, was transferred from the Maryland House of Correction to federal custody in the summer of 1972.

attack upon Stone's sentence. *See* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). And while, if 28 U.S.C. § 1361 is applicable, venue is present under 28 U.S.C. § 1391(e) in the light of Stone's Maryland residency, jurisdiction over the persons of the members of the Parole Board may well be lacking, at least with regard to the totality of the relief Stone seemingly seeks. *See* Ott v. Ciccone, *supra,* 326 F. Supp. at 612–613. *See also* Langston v. Ciccone, 313 F.Supp. 56, 60 (W.D. Mo.1970), citing Rural Electrification Administration v. Northern States Power Co., 373 F.2d 686, 694 n. 14 (8th Cir.), cert. denied, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332 (1967). On the other hand, it would seem that this Court does have jurisdiction to determine whether the Parole Board has a ministerial duty to inform a federal prisoner such as Stone of the reason for denial of parole. Ott v. Ciccone, *supra;* Langston v. Ciccone, *supra.* Within that narrow context, Stone cannot prevail on the merits. Nor can he prevail on the merits in connection with any of the issues he raises, assuming, without deciding, that this Court has jurisdiction to entertain the totality of Stone's quest for relief.

"The determination of eligibility for parole is within the sole discretion of the Board of Parole, and absent exceptional circumstances or the denial of a constitutional right, the exercise of that discretion is not reviewable by the Courts." Ott v. Ciccone, *supra,* 326 F. Supp. at 611, and cases cited thereat including Brest v. Ciccone, 371 F.2d 981 (8th Cir. 1971). *See also* Tarlton v. Clark, 441 F.2d 384 (5th Cir.), cert. denied, 403 U.S. 934, 91 S.Ct. 2263, 29 L. Ed.2d 713 (1971), and cases cited therein; and Buchanan v. Clark, 446 F.2d 1379 (5th Cir. 1971), in which case, citing *Tarlton,* the Fifth Circuit specifically denied habeas corpus relief to a federal prisoner who challenged the Parole Board's denial of parole in a proceeding in which the petitioner alleged (at 1379):

(1) he has served one-third of his three-year sentence, (2) he has obeyed the rules of the prison, and (3) there is a reasonable probability that he would not violate parole and would not be a detriment to society. \* \* \*

In the course of granting a writ of mandamus vacating a federal district court's order authorizing a federal prisoner to take the depositions of the members of the Youth Division of the Parole Board, the Fourth Circuit recently wrote in United States Board of Parole v. Honorable Robert R. Merhige, Jr., et al., No. 72–2324 (4th Cir. Dec. 7, 1972):

\* \* \* The unique and absolute discretion committed to the Board under 18 U.S.C. § 4203 and the necessity for the confidentiality of its records are so well recognized as to be almost axiomatic. See Tarlton v. Clark, 441 F. 2d 384 (5 Cir. 1971); Brest v. Ciccone, 371 F.2d 981 (8 Cir. 1967).

The Fourth Circuit's holding, however, was that one of the initial questions raised by the petitioning federal prisoner, which had provided in whole or in part the basis for the District Court's order, had become moot and that no evidentiary development was required in connection with any remaining question. In its discussion, the Fourth Circuit seemingly left open the question of whether a federal prisoner is entitled, under some circumstances, to question the Parole Board's consideration of a quest for parole. *See* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), with regard to minimal due process in connection with parole revocation. *See also* Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193, 199 (1971), in which the Supreme Court of New Jersey, acting under New Jersey law, required the New Jersey Parole Board to promulgate "a carefully prepared rule designed generally towards affording statements of reasons on parole denials, while providing for such reasonable exceptions as may be essential to rehabilitations and the sound administration of the parole system."

In this case, Stone's own allegation that his good institutional record entitles him to parole facially discloses that Stone has not set forth any contention which supports the conclusion that he has been treated discriminatorily. Stone's complaint shows that he contends only that he has demonstrated through his alleged good prison record that he is entitled to parole and if not' to a statement of reasons justifying denial of parole. Assuming in the summary judgment context of this case the truth of Stone's allegation of his own good prison record, that fact alone does not provide sufficient basis to entitle Stone to parole or to require the Parole Board to state reasons for its denial of parole. This is not the exceptional case in which the statement of reasons for denial of parole is constitutionally mandated, *see* United States Board of Parole v. Honorable Robert R. Merhige, Jr. et al., *supra,* and Ott v. Ciccone, *supra,* regardless of how appealing a case can be made for such a requirement. *See* Monks v. New Jersey State Parole Board, *supra.* In that connection, this Court notes the following comment by the Government in its legal memorandum filed in this case:

> Under present procedures, if the Defendant's case were reconsidered by the Parole Board, and if the parole were again denied, he would be notified of the reasons for its denial since Lewisburg Penitentiary is one of the Federal institutions involved in a pilot program being conducted by the Parole Board to ascertain whether the Board's policy of not giving reasons for the denial of parole should be changed. See 12 Cr.L. 2084 (Oct. 25, 1972).

But those procedures, voluntarily undertaken by the Parole Board since Stone was denied parole, were at that time neither in force nor constitutionally mandated under law.

Accordingly, judgment will be entered for the Parole Board.