487 F.2d 25
 UNITED STATES BOARD OF PAROLE, Petitioner,
v.
Honorable Robert R. MERHIGE, Jr., and Honorable Albert V.
Bryan, Jr., Respondents.
UNITED STATES BOARD OF PAROLE, Petitioner,
v.
Honorable Robert R. MERHIGE, Respondent.
 Nos. 72-2324, 73-1134.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1973.
Decided Sept. 26, 1973.
Addendum Nov. 8, 1973.
 
 David G. Lowe, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., Henry E. Petersen, Asst. Atty. Gen., Jerome M. Feit and George S. Kopp, Attys., Crim. Div., Dept. of Justice, and Joseph A. Barry, Legal Counsel, United States Bd. of Parole, Washington, D. C., on brief), for petitioner United States Board of Parole.
 Alvin J. Bronstein, Washington, D. C., (Philip J. Hirschkop, Alexandria, Va., on brief), for respondents Robert R. Merhige, Jr., and Albert V. Bryan, Jr.
 Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.
 FIELD, Circuit Judge:
 
 
 1
 The United States Board of Parole has filed two petitions seeking writs of mandamus; the first, directing the respondents, Judges of the United States District Court for the Eastern District of Virginia, to vacate an order authorizing the taking of the depositions of the members of the Youth Division of the United States Board of Parole; and the second, directing the respondents to vacate an order requiring the Board to answer written interrogatories pertaining to parole determinations made in certain cases involving inmates in ten federal institutions. The orders in question were entered in the case of Bernard J. Novak, et al, v. Gary McCune, et al, Civil Action No. 421-72, in the Richmond Division of the Eastern District of Virginia.
 
 
 2
 That action was originally instituted by Novak as a class action against the Warden of the Federal Reformatory at Petersburg, Virginia, and the Board of Parole seeking injunctive and declaratory relief after he had been denied consideration for an early parole release. Novak alleged that his application for parole had not been considered in accordance with the regulations of the Board of Parole and, additionally, claimed that he was entitled to (a) access to the substance of the parole hearing examiner's recommendations and report; (b) an opportunity to respond to any adverse aspects of the report; and (c) a statement of the grounds upon which parole was denied. After a hearing respondent Merhige denied Novak's motion for a preliminary injunction, but concluded that the complaint presented a justiciable controversy and that the entertainment of jurisdiction thereof was appropriate.
 
 
 3
 Incident to the matters considered at this hearing Judge Merhige declined to quash the notice for the taking of the depositions of the members of the Youth Division of the Board of Parole and these depositions were thereafter scheduled to be taken sometime in mid-October, 1972. Subsequent to this hearing, however, the Board of Parole gave further consideration to Novak's request and ultimately Novak's release on parole was advanced to an effective date of October 4, 1972.
 
 
 4
 Thereafter, the case came on for further hearing before Judge Bryan on October 17, 1972, at which time counsel for the Board of Parole moved to quash the taking of the depositions on the ground that Novak's parole had mooted the issues raised in his complaint. However, the plaintiff-intervenors, George Rouillard, John Leonard and David O'Neill, had moved for leave to intervene as plaintiffs and tendered their complaint in intervention as being representative of the claims of the class embraced in the original complaint of Novak. Counsel for the Board of Parole advised the court that he did not oppose the motion to intervene and thereupon Judge Bryan denied the motion to vacate the notice of depositions upon the basis that they were appropriate for consideration upon the question as to whether or not the action was maintainable as a class action.
 
 
 5
 Shortly thereafter the plaintiff-intervenors served on the defendants a set of interrogatories seeking information relating to the parole consideration given the three plaintiff-intervenors and twenty-two additional inmates of the Petersburg Reformatory. These interrogatories contained a series of thirty-one questions relating to the parole process and decisions of the Board. The Board responded to thirty of the interrogatories with respect to the three plaintiff-intervenors, but declined to answer the interrogatories relative to the other twenty-two inmates. The Board also declined to answer the thirty-first question which requested "the names and institutional numbers of all inmates at the Federal Reformatory at Petersburg, Virginia, who have been denied parole release either by way of continuation, set-off or outright denial since January 1, 1971." Thereafter the Board was served with a second and third series of interrogatories relative to an additional thirty-one and twenty-eight inmates, respectively. The second set of interrogatories addressed itself to inmates of the Reformatory at Petersburg, and the third sought information with respect to inmates of nine other federal institutions. The Board declined to answer the questions in the second and third series of interrogatories whereupon the plaintiffs moved for an order compelling the defendants to answer. After a hearing on this motion on January 17, 1973, Judge Merhige ordered the defendants to answer all questions contained in each set of interrogatories within ten days thereof. It is this order to which the second petition of the Board is addressed.
 
 
 6
 Assuming that the depositions of the Youth Division were appropriate in Novak's case, his release on parole unquestionably mooted the issues raised in his complaint and, nothing more appearing, the notice for the taking of the depositions should properly have been vacated. The question remaining, however, is whether the depositions, as well as the series of interrogatories, are appropriate in the light of the allegations of the plaintiff-intervenors.
 
 
 7
 A review of the complaint in intervention indicates only that the three intervenors are inmates of the Federal Reformatory at Petersburg and that they have been denied release on parole. Unlike Novak, they do not allege that their applications for parole were not considered by the Board in accordance with its regulations. Rather, the various grounds for relief assigned by them represent nothing more than a broad-front challenge of the federal parole procedure including the contention, among others, that the regulations promulgated by the Board, 28 C.F.R. Secs. 2.1 et seq., are at variance with the statutory grant of parole authority under 18 U.S.C. Secs. 4201 et seq. The allegations of the complaint in intervention raise only questions of law and we fail to see any necessity for extensive evidentiary development,[1] particularly the depositions of the members of the Youth Division as well as the exhaustive interrogatories, for determination of the issues raised therein.
 
 
 8
 As heretofore stated the district court concluded that Novak's complaint presented a justiciable controversy, and in reaching this conclusion the court placed primary reliance upon the panel decision in Scarpa v. U. S. Board of Parole, 468 F.2d 31 (5 Cir. 1972). The complaint in Scarpa, which was strikingly similar to the one at hand, was summarily dismissed by the district court for failure to state a justiciable issue upon which relief could be granted. Upon appeal the panel, one judge dissenting, reversed. Subsequent to the filing of the petitions in the present case, however, the Fifth Circuit, sitting in banc, reversed the decision of the panel and affirmed the action of the district court. Scarpa v. U. S. Board of Parole, 477 F.2d 278 (5 Cir. 1973). In so doing the court reaffirmed its decision in Tarlton v. Clark, 441 F.2d 384 (5 Cir. 1971), wherein it had stated:
 
 
 9
 "By the language of Title 18 U.S.C.A. Sec. 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to determine judicially eligibility for parole. United States v. Frederick, 405 F.2d 129 (3rd Cir. 1968). Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination." 441 F.2d 385.
 
 
 10
 In adhering to its prior position, the Fifth Circuit was in accord with the clear weight of authority. Buchanan v. Clark, 446 F.2d 1379 (5 Cir. 1971), cert. denied 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971); Thompkins v. U. S. Board of Parole, 427 F.2d 222 (5 Cir. 1970); Brest v. Ciccone, 371 F.2d 981 (8 Cir. 1967); Cagle v. Harris, 349 F.2d 404 (8 Cir. 1965). We also note that this court gave short shrift to a case of a similar nature in Bozell v. United States, 199 F.2d 449 (4 Cir. 1952).
 
 
 11
 The foregoing cases recognize the unique discretion committed to the Board under 18 U.S.C. Sec. 4203,[2] and the necessity for the confidentiality of its records. In our opinion, the members of the Board or the Youth Division should be subjected to depositions under only exceptional circumstances, and we perceive no such circumstances in this case. Similarly, we find no justification for subjecting the Board to the burden of answering the broad range of interrogatories submitted by the plaintiffs. The scope of the interrogatories bears little, if any, relation to the questions of law which the plaintiffs seek to raise, and to permit them to probe into the parole consideration of seventy-eight federal prisoners who are not parties to this suit would, in our opinion, violate the recognized confidentiality of the Board's records and place an unreasonable burden on the parole authorities. Chief Judge Brown recognized the judicial folly of such a course in his concurring opinion in Scarpa when he stated:
 
 
 12
 "It is easy to say that some character of factual hearing must be had to determine whether these conclusory allegations are supportable. But to apply mechanically procedural rules appropriate to an ordinary damage suit to the situation of prisoner parole problems imperils the parole structure and its beneficent aims. With unrestricted access to the nearest Federal Court and the ease with which denial of broad constitutional claims can be asserted, the prison-parole authorities might have to answer almost daily the complaints of numberless prisoners dissatisfied with the progress or lack of progress with their current requests. Federal Courts must, of course, be open to prisoners. But unless access to a Court is to become an illusion from the judicial system being powerless to act from the sheer volume of such claims, we must be certain when importuned to interfere that the complaint realistically read shows arbitrary action constituting abuse of administrative discretion." 477 F.2d at 283.
 
 
 13
 Recognizing as we do that the depositions and interrogatories authorized by the respondents were inappropriate in this case where the complaint rests upon such a tenuous jurisdictional basis, we feel that mandamus is appropriate. The traditional view that mandamus should be confined to instances of clear error going to the question of jurisdiction or power of the lower courts has been supplemented and expanded by the Supreme Court in its decisions in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), and LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).[3] In LaBuy the Court affirmed the issuance of a writ of mandamus by the Seventh Circuit where "the supervisory control of the District Courts by the Courts of Appeals is necessary to the proper judicial administration of the federal system." 352 U.S. at 259-260, 77 S.Ct. at 315. In Schlagenhauf, the Court approved the issuance of the writ to vacate an order of the district court which authorized the oppressive use of Rule 35 of the Federal Rules of Civil Procedure. We feel that the petitions of the Board in the present case fall within the rationale of both of these decisions.
 
 
 14
 We find nothing in Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), cited by the plaintiffs, which militates against our conclusion. The decision in Will dealt with an order in a criminal case and upon its particular facts was characterized by the Court as "a writ without rationale." The somewhat limited scope of that decision is illustrated by the concurrence of Mr. Justice Black who stated that while finality was "relevant to the right of appeal [it] is not determinative of the question when to issue mandamus. Rather than hinging on this abstruse and infinitely uncertain term, the issuance of the writ of mandamus is proper where a court finds exceptional circumstances to support such an order." 389 U.S. at 108, 88 S.Ct. at 280. While some courts have continued to cling to the more restrictive and inflexible concept of mandamus,[4] this court specifically declined to follow them in United States v. Hemphill, 369 F.2d 539 (4 Cir. 1966). We adhere to that position and since we find the orders of the respondents to be clearly erroneous and that compliance therewith would effect a disruptive and unwarranted intrusion upon the records and resources of the Board of Parole, the writs of mandamus will issue in accordance with the prayers of the petitions.
 
 ADDENDUM
 
 15
 Shortly after our opinion in this case was filed the Supreme Court (Mr. Justice Douglas dissenting) by order of October 9, 1973, granted certiorari in Scarpa v. United States Board of Parole, 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44. By its order the Court vacated the judgment and remanded the case to the United States Court of Appeals for the Fifth Circuit for consideration of the question of mootness. We do not feel that this disposition of Scarpa by the Supreme Court indicates any disapproval of the substance of the in banc decision of the Fifth Circuit in that case.
 
 
 
 [1]
 Intervenor Rouillard presents certain factual allegations but the nature of them rests within his own knowledge
 
 
 [2]
 18 U.S.C. Sec. 4203 reads in pertinent part:
 "(a) If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole." (Emphasis supplied.)
 
 
 [3]
 See Supervisory and Advisory Mandamus Under the All Writs Act, 86 Harv.L.Rev. 595, 600-601 (1973); 9 Moore's Federal Practice p 110.26 at 283-284 (2d ed. 1973)
 
 
 [4]
 In his opinion in the case of In Re Josephson, 218 F.2d 174 (1 Cir. 1954) Chief Judge Magruder gives an interesting and informative history of the use of mandamus by the federal appellate courts and criticizes the expansion of the writ. See also Bank Line v. United States, 163 F.2d 133 (2 Cir. 1947). Cf. dissenting opinion of Judge Lumbard in United States v. DiStefano, 464 F.2d 845, 851 (2 Cir. 1972)