**Roger Dale JACO, Plaintiff,**

v.

**Pleasant C. SHIELDS, Director et al., Defendants.**

**Roger Dale JACO, Plaintiff,**

v.

**Pleasant C. SHIELDS, Director et al, Defendants.**

**Civ. A. Nos. 80–0135(H), 80–0156(H).**

United States District Court, W. D. Virginia, Harrisonburg Division.

Jan. 27, 1981.

Roger Dale Jaco, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

---

## MEMORANDUM OPINION

DALTON, District Judge.

Plaintiff presents to this court two *pro se* civil rights actions under 42 U.S.C. § 1983. Because both actions arise out of the same factual situation, the cases shall be consolidated. Plaintiff has three claims. First, his Fifth Amendment rights were violated and he was denied a fair hearing because he was not given the *Miranda* warnings after he was arrested on a parole violator war-

rant. The statements he made at that time were used against him later. Second, he was subjected to cruel and unusual punishment because he was forced to take antabuse which made him ill. He also alleges that because he had an adequate justification for discontinuing the consumption of antabuse, his parole should not have been revoked for failure to take the drug. Third, plaintiff states he had an adequate justification for refusing to attend Alcoholics Anonymous meetings. He alleges the teachings of Alcoholics Anonymous are contrary to his religious beliefs. Therefore, plaintiff feels his parole should not have been revoked for failure to attend Alcoholics Anonymous meetings. As relief, plaintiff wants this court to declare that people being questioned for parole violations are entitled to *Miranda* warnings. Injunctive relief is requested, as well as forty thousand dollars ($40,000.00) in compensatory and punitive damages. Defendants have filed motions to dismiss all claims pursuant to Fed.R. Civ.Pro. 12(b)(6). The motions to dismiss shall be granted.

In November of 1974 plaintiff was convicted of armed robbery and given an eight year sentence. He was paroled in April of 1980. On August 12, 1980 a parole violator warrant was taken out on plaintiff. He was arrested August 24, 1980. A preliminary hearing on the charges was held August 27. The final hearing was on October 10, 1980 and the parole board's decision to revoke parole was announced October 27, 1980.

When plaintiff was arrested he was taken to the Augusta County Jail and questioned by chief parole officer Campbell. Plaintiff was not given the *Miranda* warnings, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at that time. Statements were made by plaintiff which were self-incriminating. These statements were allegedly used against plaintiff at the preliminary hearing. The final order of the parole board, which revoked plaintiff's parole, specifically stated, "the decision to revoke your parole is not based on any statement you might have made to the Chief Probation and Parole Officer, Mr. William P. Campbell, while you were in custody."

At the final hearing in front of the parole board, plaintiff attempted to explain why he had not complied with the conditions of parole. A special condition imposed on plaintiff was that he was to go to a residential alcohol treatment program run by Dr. Jerry Falwell. This was a six month program with a minimum time requirement of twenty days. Plaintiff went to the program for twenty days then left to take a job in Staunton. This job would not have been available after the full six month program.

When plaintiff arrived in Staunton he went to speak to his new parole officer. The officer attempted to convince plaintiff that he ought to go to the Valley Mental Health Clinic to get help for his alcoholism. Plaintiff replied that he would rather attend Alcoholics Anonymous meetings and take antabuse. The parole officer agreed to plaintiff's plans.

Soon after the new plan had been agreed to, plaintiff stopped taking his antabuse. The antabuse had been properly prescribed by a physician. Plaintiff stated that he had adverse reactions to the drug such as a pinkish look in his eyes, blurring vision, and an upset stomach. On one occasion, plaintiff states, he had a severe reaction to the antabuse and went to the emergency room of a hospital. It is plaintiff's statement that he quit taking the drug because the doctor said to stop taking it if he had any adverse reactions. Evidence was introduced at the final hearing which indicated that plaintiff's severe reaction to antabuse was caused by the ingestion of alcohol. Plaintiff denied this.[1] Plaintiff did not consult a doctor before taking himself off of the drug.

---

1. The allegation that the severe reaction to antabuse was caused by the ingestion of alcohol is supported by the *Physician's Desk Reference*, 591 (34th ed. 1980). The manufacturer of antabuse lists the possible adverse effects of the drug to be such things as drowsiness, headache, dermatitis or an aftertaste. All of these complaints, says the manufacturer, can be controlled with antihistamines, continued therapy or with a reduced dosage.

Although plaintiff did attend Alcoholics Anonymous meetings for a short time, he quit going because he felt the doctrine used in those meetings conflicted with his religious beliefs. Alcoholics Anonymous teaches that alcoholism is a disease that cannot be cured. The alcoholic must learn to live with the disease. Plaintiff felt that this doctrine bred hopelessness and depression. The program run by Dr. Falwell was apparently different from Alcoholics Anonymous. The Falwell program stressed that the alcoholic could be cured if he worked hard to overcome his problem. According to plaintiff's parole officer, plaintiff told the officer he did not like the Falwell program because of its religious orientation. Plaintiff denied this.

■ Plaintiff's first claim, dealing with his Fifth Amendment rights, has no merit. A parole revocation is not a criminal prosecution. The parolee is not entitled to the full panoply of rights due a defendant in a criminal proceeding. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). The job of a parole officer is to assist and guide the parolee. Injecting adversarial *Miranda* protections into parole considerations could have a deleterious effect on the parole process. *United States v. Johnson*, 455 F.2d 932 (5th Cir. 1972) *cert. denied*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). Since parole revocation is not an adversarial or criminal proceeding, and the relationship between the parolee and the parole officer should be one of cooperation and helpfulness, this court refuses to extend *Miranda* warnings to parolees who are arrested for violating the conditions of their parole. Plaintiff was not prejudiced by the lack of *Miranda* warnings because the parole board clearly stated that their decision to revoke plaintiff's parole was not based on any statements plaintiff made to his interrogator.

■ Plaintiff's parole plan specifically stated that he was to be enrolled in a residential alcohol treatment program. He was enrolled in one for less than three weeks. Before the program was completed, he left. His new parole officer attempted to get him to go to a different residential program. Plaintiff requested that he instead be allowed to attend Alcoholics Anonymous and take antabuse. The parole board heard conflicting testimony on why plaintiff failed to comply with the program that he requested. Apparently, the board resolved these conflicts by finding that plaintiff did in fact violate a condition of his parole and that there was no adequate justification for doing so. The parole board is given absolute discretion in matters of parole. It is not the function of this court to review discretionary acts of the board or to review the credibility of the testimony received by the board in making its determination. *United States Board of Parole v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973), *cert. denied*, 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974).

■ It was not cruel and unusual punishment for the parole officer to require that plaintiff take antabuse. Plaintiff voluntarily requested to take antabuse in lieu of enrolling in a residential treatment program. Without consulting a doctor, plaintiff took himself off of the drug. Since the parole officer reasonably believed any severe reaction to the drug was caused by the ingestion of alcohol, it was not improper for the officer to request that plaintiff continue to take the drug.

All of plaintiff's claims shall be dismissed. Parolees are not entitled to *Miranda* warnings when being questioned about parole violations. The parole board properly exercised its discretion and found that plaintiff did violate the conditions of his parole and that his justifications for doing so would not excuse his noncompliance. Defendants' motions to dismiss shall be granted.