**William E. KNUCKLES, Appellant in No. 18761, Arthur L. McKEE, Isiah Green and Joseph Tillery**

**v.**

**Arthur X. PRASSE, Commissioner of Correction, Commonwealth of Pennsylvania and Joseph R. Brierley, Supt. and A. T. Rundle and Clarence R. Wolfe and David N. Meyers, Appellants in No. 18829.**

**Appeal of Arthur L. McKEE in No. 18,762.**

**Appeal of Isiah GREEN, in No. 18,763.**

**Appeal of Joseph TILLERY, in No. 18,764.**

**James WASHINGTON, Appellant in No. 18,765,**

**v.**

**J. R. BRIERLEY, Supt., Appellant in No. 18,830.**

**Nos. 18761–18765, 18829, 18830.**

United States Court of Appeals, Third Circuit.

Argued Dec. 1, 1970.

Decided Dec. 28, 1970.

---

Walter L. Foulke, Philadelphia, Pa., for appellants.

Herbert Monheit, Asst. Atty. Gen., Harrisburg, Pa., by Mabel G. Turner, Sp. Asst. Atty. Gen., Philadelphia, Pa., on the brief, for appellees.

Before KALODNER, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

Before us are cross-appeals from a judgment of the district court granting partial relief sought under the Civil Rights Act, 42 U.S.C.A. § 1983 by inmates of a state prison who are followers of The Honorable Elijah Muhammad, often called Muslims or Black Muslims, a sect of the Islamic religion. The district court ordered the prison officials to permit collective religious services conducted by accredited ministers of their faith, "so long as the doctrines espoused by the ministers are identical to those Minister [Jeremiah] Shabazz testified to during the court proceedings."

The court found it was not mandatory that the prison authorities make available Muslim periodicals and books requested by the plaintiffs because these writings "could be interpreted as an endorsement of a concept that whites generally and prison authorities should be defied by Muslim prisoners even when legal orders or demands are made." The court explained that "such a view is not an appropriate interpretation of Black religious Muslim doctrine * * * Since the literature could be subject to inferences urging such defiances if not interpreted by a trained Muslim minister, I rule that it is not mandatory that the prison authorities make available to prisoners the writings." The court specifically found that "in the hands of the inmate who is not fully informed of the Black Muslim doctrine * * * the literature could constitute a 'clear and present danger of a breach of prison security or discipline or some other substantial interference with the orderly function of the institution. Long v. Parker, 3 Cir., 390 F.2d 816, 820, 822.'" Knuckles v. Prasse, 302 F.Supp. 1036, 1058, 1059 (Ed.Pa.1969). This same reasoning apparently governed its decision relating to the wearing of medals.

Similarly, we will not disturb the two conclusions that the plaintiffs had been subjected to "cruel and unusual punishment" for two and one-half days.

We reject the appeal of the prison authorities grounded on the argument of insufficient evidence and the plaintiff-appellants' argument that the court erred in not finding that the conditions persisted beyond this limited time, and that they were entitled to money damages as a matter of law.

This court has previously said in Gittlemacker v. Prasse, 428 F.2d 1, 4 (3 Cir. 1970): "To determine with precision, those rights which follow an inmate into prison involves a process of weighing and balancing conflicting interests." We conclude that The Honorable A. Leon Higginbotham, Jr., the trial judge, approached his task of striking this proper balance with outstanding sensitivity, understanding and perception. The district court demonstrated an awareness that "[i]n the case of a prisoner, the determination of what constitutes an actionable claim may become difficult since imprisonment unavoidably results in the forfeiture of certain rights and privileges commonly exercised in a free society." Gittlemacker v. Prasse, *supra*, at 3.

The district court succinctly posited the problem:

> But a prison is not a private dwelling and a cell row is not a public highway. Thus plaintiffs' freedoms and rights must be analyzed in the realistic context of the prison situation where plaintiffs desire to exercise them. 302 F.Supp. at 1047.

Guided by these principles, we turn to the argument advanced by the inmate-appellants, which suggests an inconsistency between the court's conclusion that Eighth Amendment rights were denied them for two and one-half days and its refusal to award monetary damages. We do not find these conclusions incompatible. The complaint was a combination of counts in law and in equity. The district court treated this particular issue as one sounding in equity, setting forth in conclusion 7: "Plaintiffs were subjected to cruel and unusual punishment, but since it does not appear that this practice has been or will be continued, injunctive relief is DENIED." 302 F.Supp. at 1062.

Accordingly, after considering all the arguments advanced by the cross-appellants, we will affirm the judgment of the district court.

Judge Seitz concurs in the result except that were he in the district court he would have assessed at least nominal damages against the defendants legally responsible for the conditions found to constitute cruel and unusual punishment. See Basista v. Weir, 340 F.2d 74, 87 (3d Cir. 1965).