John D. BURTON, Petitioner-Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, et al., Respondents-Appellees.

No. 73–1385.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 4, 1973.

John D. Burton, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., and Anthony P. Nugent, Jr., Asst. U. S. Attys., Kansas City, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

The petitioner in this habeas corpus appeal is an inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri. On January 17, 1973, he filed a petition in the United States District Court for the Western District of Missouri, alleging that he was eligible for parole consideration during November of 1972, and that he had been deprived of a hearing in that month before the Parole Board. He

contended that the failure to grant him the parole hearing was based on the negligence of prison officials, and sought release from prison as a remedy. The government responded on March 2, 1973, conceding that he had not been given a hearing in November and alleging that the failure was due to an unintentional "clerical error." It also stated that the petitioner, under a Warden's Referral, was given a hearing before a Parole Board Examiner on January 26, 1973, and was denied a parole on the merits. The government asked that the petitioner's application should be dismissed as moot. In his Traverse, filed on March 8, 1973, the petitioner claimed that his petition was not mooted by the January hearing. He also questioned the adequacy of the January hearing.

The petitioner's application and other pleadings were referred by the District Court to a United States Magistrate in accordance with the applicable Local Rule of the Western District of Missouri. The magistrate, in a written memorandum, found there were no controverted facts in the pleadings and, without a hearing, recommended dismissal without prejudice of the petitioner's application for a Writ of Habeas Corpus. The District Court approved the magistrate's memorandum and recommendation, and ordered dismissal of the petition without prejudice.

■ The government concedes that the defendant was eligible for parole on December 2, 1972, and that he was thus entitled to a hearing before that date. It also concedes that he was not given a

hearing because his institutional parole officer neglected to give the petitioner a proper application form, which failure resulted in the defendant not being included on the list of those who were given hearings in November of 1972. This "clerical error" was inexcusable, but neither the District Court nor this Court has the right to correct the mistake by ordering the petitioner released. The most we can do is require the Parole Board to give the petitioner a fair hearing in accordance with its rules and regulations at the earliest possible date. Here, the petitioner was given a hearing by the Parole Board on January 26, 1973.

■ The petitioner contends that the January hearing was an invalid one because it was held in response to a Warden's Referral and not an inmate application. The petitioner argues that a warden may only refer an inmate to the Parole Board for an explanation of his right to apply for parole and not for a parole hearing. He also contends he was not given an adequate notice to prepare for the hearing. These arguments are inconsistent with his contention that he was entitled to an earlier hearing in November and are without merit. It appears to us that the hearing was properly held to correct the "clerical error."

The petitioner finally contends that the January hearing was violative of the rules of the Parole Board in that the Board did not have before it all of the data required by the "Rules of the United States Board of Parole, 1971."[1] The

1. "The following factors are considered by the Board in its decision making.
"A. *Sentence Data*
"(1) Type of sentence
"(2) Length of sentence
"(3) Recommendations of Judge, U. S. Attorney and other responsible officials
"B. *Facts and Circumstances of the Offense*
"(1) Mitigating and aggravating factors
"(2) Activities following arrest and prior to confinement, including adjustment on bond or probation, if any
"C. *Prior Criminal Record*
"(1) Nature and pattern of offenses
"(2) Adjustment to previous probation, parole, and confinement

"(3) Detainers
"D. *Changes in Motivation and Behavior*
"(1) Changes in attitude toward self and others
"(2) Reasons underlying changes
"(3) Personal goals and description of personal strengths or resources available to maintain motivation for law-abiding behavior
"E. *Personal and Social History*
"(1) Family and marital
"(2) Intelligence and education
"(3) Employment and military experience
"(4) Leisure time
"(5) Religion
"(6) Physical and emotional health

government answers this contention with the statement that courts have no right to question the decisions of the Board. See, Brest v. Ciccone, 371 F.2d 981 (8th Cir. 1967).

 We think the government misses the point. Even though *Brest* teaches that we cannot substitute our decision for that of the Parole Board, we think it clear that the Parole Board must substantially comply with its own rules and regulations in reaching its decisions. See, Scarpa v. United States Board of Parole, 477 F.2d 278, 284 (5th Cir. 1973) (Clark & Simpson, JJ., concurring). On the basis of the record before us, we are unable to tell whether the Parole Board followed its rules and regulations in conducting the petitioner's hearing.[2] We, therefore, have no alternative but to remand this matter to the District Court with instructions to it to determine whether or not the January hearing was conducted in accordance with the Parole Board's rules and regulations. If it finds that it was, the decision of the Parole Board may stand. If it finds to the contrary, it must direct the Parole Board to give the petitioner a new hearing in accordance with its rules and regulations.

Remanded for action consistent with this opinion.

"F. *Institutional Experience*
"(1) *Program goals and accomplishments in areas:*
"(a) Academic
"(b) Vocational education, training or work assignments
"(c) Recreation and leisure time use
"(d) Religion
"(e) Therapy
"(2) *General adjustment:*
"(a) Inter-personal relationships with staff and inmates
"(b) Behavior, including misconduct
"(3) Physical and emotional health, and treatment
"G. *Community Resources, Including Release Plans*
"(1) Residence; live alone, with family, or others
"(2) Employment, training, or academic education
"(3) Special needs and resources to meet them
"H. *Use of Scientific Data and Tools*
"(1) Psychological and psychiatric evaluations
"(2) Pertinent data from the uniform parole reporting system

"(3) Other statistical data
"(4) Standardized tests
"I. *Comments by Hearing Member or Examiner*
"Evaluative comments supporting a recommendation, including his impressions gained from the hearing."
United States Board of Parole, 1971, 14–17 (Emphasis included.).
The briefs of the parties do not consider what rules and regulations were applicable at the time of the January hearing. This matter can be resolved by the District Court on remand.

2. Included in the record of the District Court are documents referred to as "classification data" which were received by the court from the prison authorities. These documents would appear to include much of the information that the petitioner contends is required to be considered by the Board in disposing of parole applications. However, there is no representation in the record that indeed this is the information that was before or considered by the Board, and it would be improper for us to draw such a conclusion.