Jess Raymond **BRIDWELL**,
Petitioner-Appellant,

v.

Dr. P. J. **CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent-Appellee.

No. 73–1549.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1973.

Decided Dec. 11, 1973.

David Freeman, Federal Public Defender, and Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for petitioner-appellant.

Frederick O. Griffin, Asst. U. S. Atty., Kansas City, Mo., for respondent-appellee.

Before GIBSON, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Jesse Raymond Bridwell, a prisoner at the United States Medical Center for Federal Prisoners, filed a habeas corpus petition in the United States District Court for the Western District of Missouri. He claimed that he had been denied due process of law by the United States Board of Parole. He alleged that the Board: (1) refused to permit him to review the records before the Board and failed to inform him of "anything" in the record that might be adverse to his being paroled; (2) failed to consider favorable information in the file with respect to his post-release employment, sponsorship or character references; (3) considered only the "negative" F.B. I. make-sheet in reaching its decision; and (4) failed to inform him of the reasons for refusing to grant his parole. Bridwell asked the court to order the United States Board of Parole to grant him a new parole hearing, or, alternatively, to order his discharge from confinement.

The District Court referred the case to the United States Magistrate at Springfield, Missouri, pursuant to Local Rule 26.[1] The magistrate thereafter en-

---

1. Local Rule 26 for the United States District Court for the Western District of Missouri provides:

> *Duties and Powers of Full-Time and Part-Time United States Magistrates*
>
> This rule describes and defines the general, specific, and additional duties and powers of full-time and part-time magistrates in the Western District of Missouri.
>
> A. *Duties and Powers of Full-Time and Part-Time Magistrates.*
>
> 1. Each full-time United States magistrate and each part-time magistrate for the Western District of Missouri is hereby authorized to exercise all powers and perform all duties now or hereafter authorized and required by the statutes of the United States and by any applicable federal and local rule, order, or regulation.
>
> * * * * * *
>
> b. *Civil Proceedings.*
>
> (1) Assisting district judges in the conduct of pretrial proceedings in civil cases as authorized or directed by other general or special orders of the Court en banc.
>
> The magistrate's duties and powers shall include, but are not limited to, the following: * * * (b) supervising discovery proceedings and making such orders that may be necessary or desirable to expedite and conclude discovery;
>
> * * * * * *
>
> (5) Assisting district judges by preliminary review, pretrial, and prehearing processing of habeas corpus and civil rights petitions, motions, and complaints, and in other petitions and complaints, including, but not limited to, those seeking relief from custody or from conditions of confinement, filed by a convicted or unconvicted person in federal or state custody, under Sections 2241 and 2254, Title 28, United States Code, or other legal procedures, as authorized or directed by other general or special orders of the Court en banc. The magistrate's duties and powers shall include, but are not limited to, the following: * * * (e) conducting evidentiary hearings.
>
> The magistrate shall submit a written report and recommendations, consisting of

tered a written order requiring the Director of the Medical Center to show cause why the writ of habeas corpus should not issue.

The Director's response stated: (1) Existing rules do not permit a petitioner to inspect, review or, discover the information in the petitioner's file. (2) The decision of the Board was made on the bases of "the record, observations, hearings, and the Board's experience and the law * * * "; and the record contained recommendations of the sentencing authorities and the circumstances of the petitioner's case including his institutional adjustment and his prior community experience and adjustment. (3) Information with respect to the petitioner's post-release employment, **sponsorship** and character references was not submitted by petitioner's benefactors until after the hearing had been held and a decision entered; and for that reason, it was not considered by the Board.

The petitioner then filed a traverse to the Director's response. He denied that he was seeking to discover the contents of his file and alleged his main concern was the failure of the Board to consider letters attesting to his good character and offering him employment upon release. He alleged that a prison caseworker, responsible for preparing his file for the Board, negligently failed to include the letters in the file presented to the Board.

The magistrate examined the petitioner's file which was considered by the Board in making its determinations. He then prepared a written report and recommendations. He agreed that the Board had refused to permit Bridwell to examine his file, had refused to inform him as to adverse information in the file, and had refused to inform him of the reasons for denying parole. However, he held, as a matter of law, that the Board's refusals were proper.[2] The magistrate found that the file before the

findings of fact, conclusions of law, and a proposed judgment or order to be entered by a district judge; provided, however, that there shall be a review de novo of any order or finding of a magistrate to which a written exception is filed by a party within five (5) days after notice of the order or finding of a magistrate before a party is required to comply with the order; and provided, further, that there shall be a review de novo of any finding of fact made by the magistrate to which a written exception is filed by a party within ten (10) days after notice of submission of a written report unless the district judge directs otherwise. The review de novo provided for herein shall include an evidentiary hearing when appropriate or required by law.

(6) Serving, without additional compensation, as a standing or special master, under the provisions of Rule 53, Federal Rules of Civil Procedure, in all habeas corpus and civil rights petitions, motions, and complaints, and in other petitions and complaints, including, but not limited to, those seeking relief from custody or from conditions of confinement, filed by a convicted or unconvicted person in federal or state custody, under Sections 2241 and 2254, Title 28, United States Code, Section 1983, Title 42, United States Code, or other legal procedures, as authorized or

directed by other general or special orders of the Court en banc. As master, the magistrate's duties and powers shall include, but are not limited to, the following: * * * (e) conducting evidentiary hearings.

The magistrate shall submit a written report and recommendations, consisting of findings of fact, conclusions of law, and a proposed judgment or order to be entered by a district judge; provided, however, that there shall be a review de novo of any order or finding of a magistrate to which a written exception is filed by a party within five (5) days after notice of the order or finding of a magistrate before a party is required to comply with the order; and provided further, that there shall be a review de novo of any finding of fact made by the magistrate to which a written exception is filed by a party within ten (10) days after notice of submission of a written report unless the district judge directs otherwise. The review de novo provided for herein shall include an evidentiary hearing when appropriate or required by law.

2. No question is raised as to the validity of these refusals on this appeal. *See and compare*, Menechino v. Oswald, 430 F.2d 403 (2nd Cir. 1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971), *and*

Board included the petitioner's criminal record, family history, marital situation, vocational and professional skills, education, physical education, living habits in a free society and behavior and progress while incarcerated. He agreed with the petitioner's contention that the Board had not considered the letters offering the petitioner post-release employment, but stated that the failure to consider them did not amount to a denial of due process because the letters had not been mailed or received until after the Parole Board had held its hearing and issued its decision. He recommended that the writ of habeas corpus be denied.

The District Court approved the magistrate's recommendations. It denied the petitioner's request for relief.

Bridwell contends on appeal: (1) that the District Court was obligated to conduct a de novo plenary hearing on the petitioner's request for a writ of habeas corpus, and that it failed to do so; and (2) that the District Court erred in holding that he had not been denied due process because of the negligence of his caseworker in failing to include the employment and character letters in his file. He asks this Court to order his immediate discharge from prison.

■ We affirm. The District Court was not obligated to conduct a de novo evidentiary hearing on the petitioner's request for a writ of habeas corpus for the simple reason that the record makes it clear that an evidentiary hearing was unnecessary. The respondent conceded that the petitioner had not been permitted to examine his file, that information in the file adverse to the petitioner had not been disclosed to the petitioner, and that the petitioner had not been informed of the reasons for the denial of parole. The respondent admitted that the character and post-employment release letters had not been considered because they had not even been mailed by petitioner's character references and benefactors as of the date of the Board's hearing. It is clear from the record that the only factual issue was whether the petitioner's caseworker had been negligent in failing to secure these letters from the petitioner's benefactors. The magistrate took the position that it was unnecessary to resolve that issue because the caseworker was under no duty to secure the letters in question.

■ Under these circumstances, it is unnecessary for us to decide whether Local Rule 26 is valid insofar as it permits a magistrate to conduct evidentiary hearings in habeas corpus matters arising at the Medical Center. The magistrate's report was in fact nothing more than a preliminary review of an application for post-trial relief and, as such, was specifically authorized by 28 U.S.C. § 636(b).[3] We note only that the rule

Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), *with* Childs, et al. v. United States Board of Parole, et al., Civ.No. 1616–70 (D.D.C. October 1, 1973) where the District Court judge stated that Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), requires that parole hearings comply with minimum due process standards, *and* McDonnell v. Wolff, 483 F.2d 1059 (8th Cir. 1973), where this Court held that minimum due process standards must be followed in prison disciplinary hearings.

3. 28 U.S.C. § 636(b) provides:
(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—
(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;
(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and
(3) preliminary review of applications for post-trial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to

was adopted with the obvious good purpose of providing prompt hearings to prisoners and that the rule appears to meet many of the major objections to the practice of using magistrates to conduct evidentiary hearings raised by some other Circuits.[4] We understand the rule to provide each petitioner with the right to a de novo evidentiary hearing by a District Court judge in every case in which a timely objection is taken to a finding on a material issue of fact. It, thus, insures that the ultimate decision in every case will be made by the District Court judge.

■ ■ We find no merit to the petitioner's second contention. Prison officials certainly have a duty to place letters relating to a prisoner's character and post-employment opportunities in the file to be considered by the Parole Board, but they cannot be faulted for failing to perform this duty if the letters have not even been written. They have no duty to obtain such letters unless they have agreed to do so, and no such agreement is alleged here. Moreover, there is no showing that the caseworker knew that the letters were coming. Thus, the caseworker had no reason to request a postponement of the parole hearing.

We held in Burton v. Ciccone, 484 F.2d 1322 (8th Cir. 1973) that the Parole Board is obligated to follow its own rules. These rules provide in part:

The following factors are considered by the Board in its decision making.

\* \* \* \* \* \*

G. *Community Resources, Including Release Plans*

(1) Residence; live alone, with family, or others

(2) Employment, training, or academic education

(3) Special needs and resources to meet them \* \* \*

Rules of the United States Board of Parole (January 1, 1971), 14–15.

The rules also provide:

*Review on the record*

Any prisoner's case may be reviewed at any time upon the receipt of new information of significance relative to the possibility of parole. Such review may be made solely on the basis of the information in the file in Washington, as well as the new information. A review may be conducted following a request by the prisoner or a responsible person acting in his behalf.

A request for a review on the record will be granted when the Board's Parole Executive or other designated official determines that such review is justified on the basis of receipt of sufficiently significant information which was not known to the Board at the time of any previous consideration.

Such reviews will be conducted for prisoners who have not been paroled or reparoled and who were last considered by the Board more than ninety days previously, except that the waiting period is thirty days if the sen-

---

facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

4. The First, Sixth and Seventh Circuits appear to hold that magistrates are not authorized by law to conduct evidentiary hearings in habeas corpus cases. Rainha v. Cassidy, 454 F.2d 207 (1st Cir. 1972); Wedding v. Wingo, 483 F.2d 1131 (6th Cir. 1973); TPO, Inc. v. McMillen, 460 F.2d 348 (7th Cir. 1972). The Second and Fifth Circuits appear to approve the practice. United States ex rel. Gonzalez v. Zelker, 477 F.2d 797 (2nd Cir. 1973); Parnell v. Wainwright,

464 F.2d 735 (5th Cir. 1972). For early comments on the problem, *see* La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941).

Proposed Rule 11 and the Advisory Committee Note thereto of the Preliminary Draft of the Proposed Rules Governing Habeas Corpus Proceedings (January, 1973) appear to recommend that magistrates be permitted to conduct evidentiary hearings in habeas corpus cases without the safeguards provided in the Western District of Missouri's Local Rule No. 26.

tence is one year and one day or less. In emergency situations, with the approval of a member, exceptions to the waiting period may be made. Exceptions to the waiting periods will always be made in the cases of possible revocation of parole or mandatory release. The Board, or a division thereof, may schedule any case for a review on the record without regard to any waiting period, provided new information of significance has been presented.

A decision relative to parole following a review on the record will be made by a voting quorum established for other Board considerations.

*Id.* at 21.

█ It appears that the letters in question constitute significant information which was not known to the Board when it considered the petitioner's application, and that the petitioner is entitled to a review on his application. It will, of course, be for the Board to determine whether the petitioner is now entitled to release. See, Brest v. Ciccone, 371 F.2d 981 (8th Cir. 1967).

Affirmed.