Wilbert E. **PROFFITT**, Petitioner,

v.

Dr. P. J. **CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 73CV504–S–WHB.

United States District Court,
W. D. Missouri, S. D.

Dec. 29, 1973.

Wilbert E. Proffitt, pro se.

Charles B. Faulkner, Sp. Asst. U. S. Atty., for respondent.

ORDER OVERRULING PETITIONER'S EXCEPTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE, DENYING MOTION FOR DEFAULT JUDGMENT, AND FINAL JUDGMENT DENYING PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Pursuant to the governing law and in accordance with Section B.1.b.(5) of Local Rule 26 of the United States District Court for the Western District of Missouri, the United States Magistrate has submitted to the undersigned Judge a report and recommendation that the petition herein for a writ of habeas corpus be denied.

On November 8, 1973, petitioner filed herein his timely *pro se* exceptions to the Magistrate's report and recommendation, therein stating as follows:

"1. The Recommendation itself is simply that, this writ deals with a deprivation because of religious belief and is immune from summary dismissal, Cooper vs. Pate, 378 U.S. 546 [84 S.Ct. 1733, 12 L.Ed.2d 1030] (1964). A Supreme Court ruling, not from any District or Local Rules.

"2. The First Amendment right of free exercise of religion is protected

by the 'clear and present danger test,' which simply stated, precludes any interference with, or diminution of, the right unless the unabated exercise of the right would result in a clear and present danger to a very important governmental interest, E.G., Knuckles v. Prasse, 435 F.2d 1255 (3rd 1970). A speculation of the threat is insufficient to justify deprivation of the right, Brown v. McGinnis, 10 N.Y.2d 531, 255 N.Y.S.2d 497, 18 [180] N.E. 2d 791 (1962); Theriault v. Carlson, Supra [339 F.Supp. 375].

"3. Sections B.1.b.(5) and B.1.b. [5](c) Local Rule 26 of the U.S. District Court For The Western District of Missouri are in conflict with Rule 53(b), Fed.Rules of Civil Procedure. 'A reference to a master shall be the exception and not the Rule.' Since the Magistrate is not empowered to conduct an Evidentiary Hearing, Wedding vs. Wingo, 13 CRL 2544 [483] F.2d [1131] (6th Cir. 8–31–73) No. 72–2160, and this writ of Habeas Corpus cannot be summarily dismissed, the recommendation, if accepted by the court would amount to a denial of Due Process.

"4. The recommendation goes into great detail describing the petitioner's reasons for confinement, (over a page), in which the sentences stated in the recommendation are incorrectly stated, but are irrelevant to the case and doesn't bear discussion.

"5. The grounds for relief and issues of this case are simply deprivation and violation of Petitioner's First Amendment Right and a denial of right to rehabilitation in violation of the Eight Amendment which naturally would follow a denial of the basic right to believe and practice his religion, 'The Christian Religion.'

A. The Nazarite Vow is a vow of the Christian Religion, King James Version of the Holy Bible, Numbers: Chapter 6, and forbids the cutting of hair while under the vow.

B. The Respondents forced petitioner to cut his hair under threat of indefinite solitary confinement, and violation of the vow, which is the reason petitioner is no longer under the vow, simply because the vow is violated. The assertion that the respondents didn't know about the vow is immaterial, they should have known, Wright v. McMann, 460 F.2d [126], 134–135, (2d Cir. 1972).

C. The threat of solitary confinement was there and is there, and the cruel and unusual punishment is the denial of petitioner's first amended right.

D. The threat of solitary confinement is in itself an abuse, when the threat is made because of a religious vow.

"6. Freedom of religion is one of the 'preferred' Freedoms of the First Amendment, Murdock v. Pennsylvania, 319 U.S. 105, 115 [63 S.Ct. 870, 87 L. Ed. 1292] (1943). It is impermissible and revolting to penalize an individual for exercising this Freedom of the First Amendment, and policy statement No. H–7300 26E does exactly that. Violations of the First Amendment will be reviewed by the courts, despite the Magistrate's assertion that they will not, and protect prisoners 'from unlawful and onerous treatment of a nature that, of itself, adds punitive measures to those legally meted out by the court.' Jackson v. Godwin, 400 F.2d [529] 534, 532, (5th Cir. 1963).

"7. As to what Mr. Hampton testified to is quite questionable. First, when he testified under oath that he made no mention of solitary confinement of August 30, 1973, constitutes a felony in itself under Title 18–1621 and possible fraud by entering false statements to the court under Title [1318]–1001. Petitioner would never have had his hair cut and violated his vow without force or threat of force and threat of punitive action, in which Mr. Hampton made quite clear such

action would be taken should petitioner refuse to have his hair cut. This presents a new issue in the matter and a further need for an evidentiary hearing.

"The absurd purpose of the hair regulation itself is enough to declare the policy statement unconstitutional. Many state institutions not only allow long hair, but beards also, and they have no problems with identification. Sanitation undermines the statement itself, since there are no restrictions on showers or lack of facilities for bathing and body cleansing. The Women's institution at Alderson has basically the same bathing facilities, and they have no difficulties with hair. (Petitioner's wife was an inmate at Alderson for over a year and a half.) If there is a shortage of proper bathing and sanitation facilities, the subject should be looked into.

"Appearance is an individual standard. Any regulation on that doesn't bear discussion since the regulation itself would have to be artbitarary (sic) and unreasonable.

"For the government to knowingly use perjured evidence is a denial of due process. Someone has committed perjury, this is obvious, and if the government doesn't take the necessary steps to correct it; it would strongly suggest a conspiracy and denial of due process upon the petitioner. This also creates a new issue.

### SUMMARY

"To go any further would only lengthen this report, but petitioner feels his point is clear. The Magistrate's recommendation itself is no more than a governmental answer to the petitioner's Writ of Habeas Corpus. As far as the public defenders (sic) office goes, it it (sic) only another branch of the government, for the government; by the government; not the people or the prisoner. Petitioner desires legal help, but not the so-called *help* the public defender's office put (sic) forth, not the appearance of help.

"It is valid only in appearance, and even then only adds to the hyprocrisy this system puts forth as justice. The Attorney Generäl that petitioner was placed under is now under indictment for felonies and petitioner desires nothing the Attorney General wishes to *promote* or *teach*, including the lying and subverting tactics his subordinates, including the respondent and subordinates in this case and issue practice and put forth to the Courts, that Courts so unquestionably accept."

 In paragraph three of his *pro se* exceptions, petitioner seeks to challenge the authority of this Court in delegating to the United States Magistrate at Springfield, Missouri, the power to conduct preliminary processing, including evidentiary proceedings, in respect to the petition herein.

Section 636(b), Title 28, United States Code, provides as follows:

"(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing."

Section B.1.b.(5) of Local Rule 26 of the United States District Court for the Western District of Missouri, effective May 29, 1973, pertinently provides as follows:

"(5) Assisting district judges by preliminary review, pretrial, and prehearing processing of habeas corpus and civil rights petitions, motions, and complaints, and in other petitions and complaints, including, but not limited to, those seeking relief from custody or from conditions of confinement, filed by a convicted or unconvicted person in federal or state custody, under Sections 2241 and 2254, Title 28, United States Code, or other legal procedures, as authorized or directed by other general or special orders of the Court en banc. The magistrate's duties and powers shall include, but are not limited to, the following: (a) permitting the filing of such petitions, motions, and complaints *in forma pauperis*; (b) appointing counsel when authorized by law; (c) making such pretrial and prehearing orders that may be necessary or desirable to obtain relevant information useful in determining the merits of the motion, petition, or complaint and in determining whether a hearing is required; (d) making an order authorizing the transfer of a movant, petitioner, or complainant from the district; and (e) conducting evidentiary hearings. The magistrate shall submit a written report and recommendations, consisting of findings of fact, conclusions of law, and a proposed judgment or order to be entered by a district judge; provided, however, that there shall be a review de novo of any order or finding of a magistrate to which a written exception is filed by a party within five (5) days after notice of the order or finding of a magistrate before a party is required to comply with the order; and provided, further, that there shall be a review de novo of any finding of fact made by the magistrate to which a written exception is filed by a party within ten (10) days after notice of submission of a written report unless the district judge directs otherwise. The review de novo provided for herein shall include an evidentiary hearing when appropriate or required by law."

In his exceptions, petitioner seeks support for his contention that "the Magistrate is not empowered to conduct an Evidentiary Hearing" by citing the Sixth Circuit case of Wedding v. Wingo, 483 F.2d 1131 (6th Cir. 1973). In the *Wedding* case, the Court of Appeals considered a local rule of the United States District Court for the Western District of Kentucky which empowered the United States Magistrate to hold evidentiary hearings and electronically record them in respect to habeas corpus proceedings. However, the challenged local rule in the *Wedding* case provided that, upon the written request of either party, the district judge ". . . shall proceed to hear the recording of the testimony given at the evidentiary hearing and give it de novo consideration." Wedding v. Wingo, *supra* at 1133.

In contrast to the challenged local rule challenged in the *Wedding* case, Section B 1b(5) of Local Rule 26 of this Court expressly provides that ". . . the review de novo provided for herein shall include an evidentiary hearing when appropriate or required by law." It is evi-

dent that there is no critical limitation upon the plenary evidentiary *de novo* review in Local Rule 26 like the review limited audition of the tape recording provided by the local rule challenged in the *Wedding* case.

Section B.1.b.(5) of Local Rule 26 enables a petitioner, as in the case at bar, to file written exceptions to the Magistrate's recommendation and proposed findings of fact and conclusions of law. Under Local Rule 26, ultimate decision-making powers are vested *only* in the district judge. The Magistrate's recommended findings of fact and conclusions of law are carefully considered with the entire record, including any exceptions to the Magistrate's report and recommendation. The district judge is ". . . free, after review, to accept, reject, or modify any of the magistrate's findings or recommendations." Thus, it is evident that the preliminary processing procedures in this district with respect to habeas corpus petitions, under Local Rule 26 are free of the infirmities noted in Rainha v. Cassidy, 454 F.2d 207 (1st Cir. 1972); TPO, Inc. v. McMillen, 460 F.2d 348 (7th Cir. 1972), and Dye v. Cowan, 472 F.2d 1206 (6th Cir. 1973).

Although Section B.1.b.(5) of Local Rule 26 provides that the Magistrate may conduct preliminary evidentiary hearings, such hearings are not final or conclusive but are designed to determine whether a *de novo* evidentiary hearing before a district judge is necessary or desirable. Under Section B.1.b.(5) of Local Rule 26, either party may file written exceptions within ten days after notice of the submission of the Magistrate's report and recommendation. Upon considering a petitioner's exceptions, the district judge may grant *de novo* review with respect to any material finding of fact. This review by a district judge ". . . shall include an evidentiary hearing when appropriate or required by law." The preliminary evidentiary proceedings before the Magistrate under Local Rule 26 are subject to the right of either party, or both, to file written exceptions to the recommended

findings of fact and conclusions of law of the Magistrate's report. This procedure is designed to permit the district judge to decide whether an evidentiary hearing *de novo* should be granted by and before the district judge.

Section B 1b(5) provides careful and deliberate initial procedures before the Magistrate in every referred habeas corpus petition filed in this Court. These procedures properly permit speedy preliminary evidentiary processing by the Magistrate followed by speedy action by the district judge. In this respect, it is clearly consistent with the provisions of Sections 636(b)(2) and 636(b)(3), Title 28, United States Code. *Cf.* United States v. Zelker, 477 F.2d 797 (2d Cir. 1973); Parnell v. Wainwright, 464 F.2d 735 (5th Cir. 1972); Johnson v. Wainwright, 456 F.2d 1200 (5th Cir. 1972); see also, Bridwell v. Ciccone, 490 F.2d 310 (8th Cir. 1973).

Petitioner's objections to the authority of this Court to delegate preliminary initial processing powers to the United States Magistrate (at Springfield, Missouri, and elsewhere) are without a basis in fact or law.

■ Petitioner was accorded a plenary evidentiary hearing on the other contentions raised herein on October 31, 1973, during which he and Joe C. Hampton, a correctional officer at the Medical Center, both testified under oath. Based on the evidence adduced at that hearing, the United States Magistrate made proposed findings of fact and concluded that petitioner had not been denied any federal rights.

Petitioner has failed to present to this Court any exceptions to any proposed material findings of fact, or any offer to produce in the district court evidence on any material issue of fact. Further, petitioner has not submitted any legal contentions which would justify, under any fair construction of the pleadings in this case, either granting a *de novo* hearing or disapproval of the excellent recommended conclusions of law submitted by the United States Magistrate. Under

these circumstances a *de novo* evidentiary hearing is not necessary or desirable. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1970), reh. denied, 401 U.S. 966, 91 S.Ct. 966, 28 L. Ed.2d 249 (1971). The substance of the contentions presented in petitioner's *pro se* exceptions have been most carefully considered by the Magistrate. No compelling or persuasive reason to comment further upon the Magistrate's excellent report and recommendation is presented.

On November 26, 1973, petitioner also filed herein an "Affidavit for Entry of Default" in respect to the above-entitled action, therein stating that "Plaintiff seeks to obtain an entry of default against the Respondent herein for failure to answer the show cause order or otherwise defend in writting (sic) to the Plaintiff's Complaint as ordered on October 25, 1973." The show cause order to which petitioner refers was entered on October 25, 1973, and it directed the respondent to show cause in writing on or before November 14, 1973, why the petition herein for a writ of habeas corpus should not be granted.

On October 31, 1973, a plenary evidentiary hearing was held in respect to the issues raised. In the meantime petitioner refused to approve an amended petition prepared by the staff counsel assigned by the Federal Public Defender. The respondent appeared and litigated the issues raised by the petitioner. No material issue of fact remained to be litigated following the holding of that hearing and the necessity of a written response became unnecessary in these circumstances. Therefore, petitioner's motion for default judgment will be denied.

Upon a full and careful review of the petitioner's *pro se* exceptions and the report and recommendations of the United States Magistrate, it is hereby concluded that the proposed findings of fact, conclusions of law, and proposed action of the Magistrate are correct and should therefore be approved.

For the foregoing reasons, it is therefore

Ordered that petitioner's exceptions to the report and recommendation of the United States Magistrate be, and they are hereby, overruled. It is further

Ordered that petitioner's motion for default judgment be, and it is hereby, denied. It is further

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, denied.