**Glenn Allen BRYANT, Appellant,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 73–1726.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1974.

Decided Feb. 15, 1974.

Rehearing and Rehearing En Banc Denied March 15, 1974.

David R. Freeman, Federal Public Defender, and Ray C. Conrad, Jr., Asst. Federal Public Defender, Springfield, Mo., for appellant.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and WANGELIN, District Judge.*

PER CURIAM.

Petitioner, Glenn Allen Bryant, is an inmate at the United States Medical Center for Federal Prisoners, Springfield, Missouri. He is incarcerated pursuant to a sentence imposed for a 1971 conviction in the United States District Court for the Western District of Arkansas. We are asked on this appeal to reverse the District Court's denial of Bryant's habeas corpus petition which

---

* WANGELIN, District Judge, Eastern District of Missouri, sitting by designation.

challenged the validity of the Medical Center's regulation pertaining to the mailing of letters by federal inmates to state court judges.[1]

The petition was filed in the United States District Court for the Western District of Missouri. The petition alleged:

On December 20, 1972, Petitioner placed a sealed letter in the PMB Mailbox addressed to the Judge of the State Circuit Court of Rock Island, Illinois. Thereafter, on December 21, 1972, Respondent's employee Mr. Darrell Hines removed this letter from the mail, opened the letter, and wrote on the flap "Not PMB Mail". Thereafter, Mr. Hines turned this letter over to Mr. Farrell asking that he return it to Petitioner. This interference resulted in the delay and obstruction of legal matters pertaining to Petitioner.

\* \* \* \* \* \*

The actions of Respondent in opening, reading, obstructing, delaying and censoring Petitioner's mail directed to the Court constitutes a denial of access to the Court and a denial of due process in violation of the Fifth Amendment United States Constitution.

The petitioner asked the District Court to

\* \* \* order the Respondent [to] institute new procedures whereby inmate mail directed to the Courts and to their attorneys remain strictly confidential. And that the respondent be ordered to immediately institute new mailing procedures which will ensure that Petitioner's Legal correspondence will not be delayed, censored, or restricted in the future. [Citation omitted.]

The District Court referred the matter to the United States Magistrate at Springfield, Missouri, for processing pursuant to Local Rule 26. *See*, Bridwell v. Ciccone, 490 F.2d 310 (8th Cir. 1973). The magistrate examined the petition and promptly filed a report and recommendation that the writ be denied with the District Court on June 14, 1973. The magistrate correctly read the petition as contending that the regulation, on its face, was unconstitutional. He concluded that the petition should be dismissed because the denial of a federal right had not been stated. He reasoned that while the petitioner's access to the state courts may have been hampered, it was not denied. The magistrate also reasoned that the petition should be dismissed because only one instance of interference was alleged and not a continuing violation. Furthermore, he interpreted the regulation as granting Medical Center officials the discretion to allow uncensored mail to be sent to state court judges upon request by federal inmates and observed that the petitioner had not made such a request.

The District Court adopted the magistrate's findings of fact and conclusions of law, and dismissed the writ as the magistrate recommended. In addition, the court noted that the problem of access to state courts by the federal prisoners at the Medical Center "need not recur" because "[p]resently two assistants of the Federal Public Defender are stationed in Springfield and available to prepare and mail petitions and motions to state courts for federal prisoners."

 We affirm the denial of the petition on the narrow alternative ground stated by the District Court—*i. e.*, that public defenders at the Medical Center will receive and send all federal prisoner mail directed to state courts. We think this is a reasonable method of handling such mail and the regulation thus construed does not impinge on the prisoners' constitutional rights. We decline to use this opinion as an occasion

---

1. The specific regulation questioned is: Policy Statement H–7300.19C, December 7, 1972—Prisoners Mail Box (PMB) Mail Processing.

to review all regulations with respect to prisoner mail. We note only that:

\* \* \* while control of the mails may be a proper function of penal administration, overly broad regulations which permit the opening and inspection of legal mail cannot be generally approved. \* \* \*

Moore v. Ciccone, 459 F.2d 574, 578 (8th Cir. 1972) (concurring opinion).

Affirmed.