**Lifus COOLEY, Petitioner,**

v.

**Maurice SIGLER, Chairman, U. S. Board of Parole, et al., Respondents.**

**Civ. No. 5–74–22.**

United States District Court,
D. Minnesota,
Fifth Division.
Aug. 13, 1974.

Tovah Thorslund, Duluth, Minn. (Court appointed counsel), for petitioner.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., by Donald F. Parr, Asst. U. S. Atty., for respondents.

## MEMORANDUM AND ORDER

HEANEY, District Judge, Sitting by Designation.

Lifus Cooley, a federal prisoner serving a two-year sentence in the Federal Correctional Institution at Sandstone, Minnesota, applied for parole in October of 1973. A hearing on his application was conducted by a United States Board of Parole examiner on November 11, 1973. Cooley was denied parole on December 5, 1973, and on December 7, 1973, he was notified that his incarceration was to "continue to expiration."

Cooley charges that his constitutional right to due process of law was denied in regard to consideration of his parole application. He argues that the Board violated due process by: (1) failing to provide him with reasons for his denial of parole; (2) failing to give him access to all information and files considered by the Board in reviewing his application; and (3) not giving him access to the criteria and guidelines used by the Board in reviewing parole applications. Cooley asks for a writ of mandamus directing the Board to furnish him with the above information. He also requests this Court to order the Board to issue a Certificate of Parole and issue a writ of habeas corpus directing the warden at his place of confinement to release him. In the alternative, he asks for a new hearing consistent with due process to be held by the Board.

The Court is convinced that due process requires that the Board give reasons to applicants to whom parole is

denied. *See,* United States ex rel. Thomas Johnson v. Chairman of New York Board of Parole et al., 500 F.2d 925 (2nd Cir., 1974), for the reasoning and the authorities cited therein.[1] The Court agrees that the requirement of a statement of reasons for denial will: (1) facilitate judicial review, *Id.,* at 929, 931; (2) " 'promot[e] thought by the decider,' and compe[l] him 'to cover the relevant points' and 'eschew irrelevancies.' " *Id.,* at 931 (citations omitted); (3) "promot[e] rehabilitation by relieving inmates' frustrations and letting them know how they might, by improving their prison behavior or taking steps with respect to some other factor in doubt (*e. g.,* prospective employment or housing), better their chances for release," *Id.,* at 932; and (4) result in the establishment of "a body of rules, principles and precedent * * * which would promote consistency by the Board, * * * provide a basis for critical reappraisal * * *, [and educate courts] concerning the probability of parole in particular cases * * *." *Id.,* at 933 (citations omitted).

Moreover, providing reasons for denial should not be unduly burdensome for the Board inasmuch as its new regulations, 39 Fed.Reg. 20028–20039 (1974), specifically provide that reasons are to be given when parole is denied. *See,* § 2.13, 39 Fed.Reg. at 20029.

■ The statement of reasons:

* * * should be sufficient to enable a reviewing body[2] to determine whether a parole has been denied for an impermissible reason or for no reason at all. For this essential purpose,

detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision * * * and the essential facts upon which the Board's inferences are based * * *. United States ex rel. Thomas Johnson v. Chairman of New York Board of Parole et al., *supra,* at 934.

■ The Court is also convinced that, as a general rule, due process requires that a parole applicant be given access to the information and files which are to be considered by the Board in ruling on his parole. Childs v. United States Board of Parole, 371 F.Supp. 1246 (D.D.C.1973). *Cf.,* Administrative Conference Recommendation 72–3: Procedures of the United States Board of Parole (adopted June 9, 1972), 25 Ad.L.Rev. 531, 533 (1973). The Court is aware that an applicant's file can contain erroneous information and that

[a] procedure permitting a parole applicant to become apprised of the information which is before the Board, and to submit in some form a response, would greatly reduce the presently excessive danger of erroneous factual bases for decisions. * * *

Childs v. United States Board of Parole, *supra* at 1248.

The Court recognizes, however, that the general rule must be modified to take into account legitimate considerations such as prison security, *cf.,* Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and the rea-

---

1. *See also,* King v. United States, 492 F.2d 1337 (7th Cir. 1974), which held that the United States Board of Parole was obligated under the Administrative Procedure Act, specifically 5 U.S.C. § 555(e) (1970), to give a brief statement of the grounds for denial to those denied parole. The Court stated, however, that:

    Although a substantial argument can be made that some modicum of due process should attend the denial of the expectation of conditional freedom on parole inasmuch

as its termination after having been granted inflicts a "grievous loss" of a "valuable liberty" (Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)), we need not meet the constitutional challenge in view of the construction we place upon the Administrative Procedure Act * * *.

King v. United States, *supra* at 1343.

2. This would include review under the Board's internal appeals machinery. *See,* § 2.25, 39 Fed.Reg. 20034 (1974).

sons set forth in the recently amended Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure, 62 F.R.D. 271, 321 (1974). Under the circumstances, the Court is of the view that the Board should be given an opportunity to design appropriate disclosure policies which will give parole applicants the fullest disclosure possible without jeopardizing the above mentioned interests. *See, e. g.,* Fed.R.Crim. P. 32(c)(3)(B), 62 F.R. D. at 321.

■ The Court is further convinced that due process requires that the Board give applicants access to the criteria and guidelines used in reviewing parole applications. *See,* United States ex rel. Thomas Johnson v. Chairman of New York State Board of Parole et al., *supra,* 500 F.2d at 935; Childs v. United States Board of Parole, *supra,* 371 F.Supp. at 1247. This mandate may be accomplished by posting the Board's applicable regulations in the Federal Correctional Institution at Sandstone, Minnesota, in a place or places where the inmates will have access to them.

We express no opinion as to the merits of Cooley's parole application as that determination lies within the Board's province. *See,* Bridwell v. Ciccone, 490 F.2d 310 (8th Cir. 1973); Burton v. Ciccone, 484 F.2d 1322 (8th Cir. 1973).

The foregoing shall constitute the Court's findings of fact and conclusions of law.

It is therefore ordered that Cooley's petition for release be denied.

It is further ordered that the Board take the following action consistent with this opinion within sixty (60) days after entry of judgment:

(1) Grant Cooley a new parole hearing;

(2) Establish appropriate pre-hearing disclosure policies; and

(3) Provide the inmates of the Federal Correctional Institution at Sandstone, Minnesota, with access to the criteria and guidelines used by the Board in reviewing parole applications.

Let judgment be entered accordingly.