**Ronald Elvin DENNIS, Appellant,**

v.

**Herman S. SOLEM, Warden, State Penitentiary, Sioux Falls, South Dakota and Mark V. Meierhenry, Attorney General, Pierre, South Dakota, Appellees.**

No. 82–1311.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Oct. 14, 1982.

---

See also, D.C., 522 F.Supp. 698.

Richard P. Tieszen, Duncan, Olinger, Srstka, Lovald & Robbennolt, P. C., Pierre, S. D., for appellant.

Mark V. Meierhenry, Atty. Gen., Mikal Hanson, Asst. Atty. Gen., Pierre, S. D., for appellees.

Before ROSS, McMILLIAN and AR-NOLD, Circuit Judges.

PER CURIAM.

This is an appeal by Ronald Elvin Dennis from the district court's order vacating his writ of habeas corpus which was based on the ground that the state had adequately remedied its previous violation of Dennis' constitutional rights. The district court's order is dated March 1, 1982.

On October 9, 1975, Dennis entered a plea of guilty to the offense of first degree robbery and was sentenced by the court to an indeterminate sentence of one to twenty years with the sentence to be established by the South Dakota Board of Pardons and Paroles (hereinafter Board) pursuant to South Dakota statute. On April 23, 1976, the Board conducted a hearing to determine Dennis' sentence and on April 28, 1976, entered its order establishing Dennis' sentence at fifteen years. However, no findings of fact and conclusions upon which the sentence was based were ever entered by the Board as required by S.D. Codified Laws Ann. § 23A–27–37 (1979), which provides:

> 23A–27–37. Indeterminate time of imprisonment. Whenever any person is convicted of an offense punishable by imprisonment in the state penitentiary, the court, in its discretion, may sentence such person to the penitentiary for an indeterminate term. Such term may not be less than the minimum sentence provided by law for the crime of which the person was convicted, if the law provides for a minimum sentence, nor longer than the maximum, if a maximum sentence is provided for by law. The board of pardons and paroles *shall determine the term of sentence upon facts and conclusions* established by study and observation of the habits, disposition, character, conduct and general tendencies of the convict.

(Emphasis added.)

Dennis then filed for post-conviction relief in state court on February 27, 1978. On August 29, 1978, Judge Vernon Evans entered his decision wherein he required the Board to enter written findings of fact and conclusions pursuant to statute within ninety days of entry of such order. The order was entered on November 15, 1978, and no facts and conclusions were ever filed pursuant to the state court order. The order had specified that if such findings were not filed, the court would consider the release of Dennis as a possible remedy. Acting upon the court's previous indication that he would be released if the state failed to file the requisite findings, Dennis submitted a pro se application to the same state court for a writ of habeas corpus. Judge Evans denied the habeas petition and held that the reasons for the denial were a lack of jurisdiction and that this suit was the subject of a pending post-conviction proceeding.

Dennis then petitioned for a writ of habeas corpus in federal district court on April 30, 1980. The district court conducted an evidentiary hearing and on September 22, 1981, Judge Porter properly issued a memorandum opinion granting Dennis' application and commanding his release from prison; however, the time for such release was

 

stayed for ninety days within which time appellees were allowed to attempt to remedy the violation and then submit a motion to vacate the writ. 522 F.Supp. 698. On November 20, 1981, the Board conducted a sentence setting rehearing and once again set Dennis' sentence at fifteen years; however, at this point the Board chose to comply with the statutory directive and finally entered its findings of fact and conclusions based upon the rehearing. On March 1, 1982, the district court entered an order granting appellees' motion to vacate the writ of habeas corpus and dismissed Dennis' petition.

The issue raised by Dennis on appeal is whether the district court erred in not granting his unconditional release after finding that the Board had violated his constitutional rights. Dennis further contends that equitable principles should control in this situation and by unconditionally releasing him, the state could then not benefit from their own wrongdoing. The equities of this situation might justify this course of action, but the law requires a different result.

The relief required in a case such as this was set out in *Burton v. Ciccone,* 484 F.2d 1322, 1323 (8th Cir. 1973). Even where the Board has not complied with the statutory mandate of entering their findings of fact and conclusions

> neither the District Court nor this Court has the right to correct the mistake by ordering the petitioner released. The most we can do is require the Parole Board to give the petitioner a fair hearing in accordance with its rules and regulations at the earliest possible date.

*Id.* at 1323.

We find that the district court did not err in its order vacating Dennis' writ of habeas corpus. The district court complied with *Burton, supra,* which held that there is no right to an unconditional release, only a right to a rehearing. When the sentence setting rehearing took place on November 20, 1981, and the written findings were entered thereafter, the previous violation of Dennis' constitutional rights was legally

remedied. For the reasons stated above, we affirm the order of the district court.