Peter CORSO, Appellant,

v.

Joseph PETROVSKY, Warden, United States Medical Center for Federal Prisoners; J. Bell, Unit Manager, Medical Team, United States Medical Center; M. Hubble, Case Manager, Medical Team, United States Medical Center, Appellees.

No. 82–2298.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1983.

Decided April 19, 1983.

Robert G. Ulrich, U.S. Atty., David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Peter Corso, appellant pro se.

Raymond C. Conrad, Jr., Federal Public Defender, W.D.Mo., Gregory K. Johnson, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Peter Corso appeals from a final order entered in the District Court [1] for the Western District of Missouri dismissing without prejudice his petition for writ of habeas corpus, 28 U.S.C. § 2241, challenging the Federal Bureau of Prison's interpretation and application of its security and custody classification regulations. The district court found that the Bureau's interpretation of its regulations was reasonable and that its application of the regulations, as interpreted, to appellant was consistent with its application in other cases and thus not an abuse of discretion. *Corso v. Petrovsky,* No. 82–3172–CV–S–WRC–R (W.D.Mo. Oct. 4, 1982). For the reasons discussed below, we affirm the order of the district court.

1. The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri.

Appellant was arrested in New York on May 21, 1981, and arraigned on federal drug charges. He was released on an unsecured appearance bond under 18 U.S.C. § 3146(a). He pled guilty, and on October 18, the court sentenced him to two years in prison. The district court [2] ordered appellant to voluntarily surrender to the place of incarceration on January 14, 1982. Appellant complied by surrendering to the authorities at the Medical Center for Federal Prisoners in Springfield, Missouri.

When a prisoner enters a federal prison, he is assigned a security and custody classification. The regulations provide that prisoners under no financial obligation who voluntarily surrender receive a six point credit and that those under a financial obligation who voluntarily surrender receive only a three point credit. Appellant received a three point credit for his voluntary surrender because the Bureau of Prisons interprets "financial obligation" to include an unsecured bond. Appellant believes that he should have received a six point credit, which would have placed him in a lower security level classification.

Appellant argues that the unsecured appearance bond he signed is the equivalent of a personal recognizance bond and does not constitute a financial obligation. Appellant contends that as a result of the improper classification, he is denied the benefits of the lower security classification, which include furloughs, work assignments, and potential transfer to lower security institutions.

This court has often required the Bureau of Prisons to "substantially comply with its own rules and regulations." *E.g., Burton v. Ciccone,* 484 F.2d 1322, 1324 (8th Cir.1973). In this case appellant challenges the Bureau's interpretation of its own regulations. It is not unreasonable to consider an unsecured bond, under which appellant would have owed the government $25,000 had he failed to voluntarily surrender, to be a financial obligation. While appellant makes a good argument on policy grounds for excluding an unsecured bond from the definition of "financial obligation," [3] in the absence of discriminatory application or a violation of constitutional rights, we should defer to the Bureau's interpretation of its regulations. *Albers v. Ralston,* 665 F.2d 812, 816 (8th Cir.1981). We cannot find that the Bureau is not complying with its regulations, as reasonably interpreted.

Accordingly, the judgment of the district court is affirmed.

---

**2.** The Honorable Morris Lasker, United States District Judge for the Southern District of New York.

**3.** Corso argues that under the Bail Reform Act, 18 U.S.C. § 3146, under which Corso was released pending trial, an unsecured bond is considered less coercive than some conditions which have no financial element at all. For example, restrictions on travel, association and residence are considered more onerous than an unsecured bond. *Id.* § 3146(a)(2). Corso contends that the Bureau's regulations governing security classifications are inconsistent with this statutory understanding. Even if we were to agree, we can find no requirement that prison regulations concerning internal security must be consistent with the Bail Reform Act.